THE STATE, EX REL. WOODBURY ET AL., APPELLANTS, *v.*
SPITLER, PROS. ATTY., ET AL., APPELLEES.

(No. 74-309—Decided October 9, 1974.)

2

*Messrs. Hanna & Hanna,* for appellants.

*Mr. David T. Spitler,* prosecuting attorney, for appellees.

*Per Curiam.* Former R. C. 2945.71, which was repealed on January 1, 1974, provided for trial of an indicted person within two court terms after his arrest and commitment "unless a continuance is had on his motion or the delay is caused by his act." In present R. C. 2945.71(C), effective January 1, 1974, the limitation of two court terms has been changed to a requirement that a person against whom a charge of felony is pending "shall be brought to trial within two hundred seventy days after his arrest." Grounds for extension of the time for trial under present R. C. 2945.-71 are set out in R. C. 2945.72, and include:

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

" * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

The Court of Appeals found that the proceedings instituted by the appellants were acts constituting delay within the meaning of R. C. 2945.71 *et seq.*, and upheld the trial court's denial of the motions for discharge.

Neither the parties nor the Court of Appeals have raised the issue of whether mandamus is the proper remedy in this case. Nevertheless, whether mandamus is proper is the threshold question for this court. As this court stated in the third paragrph of the syllabus in *State, ex rel. Pressley,* v. *Indus Comm.* (1967), 11 Ohio St. 2d 141, 228 N. E. 2d 631:

"When a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ. * * *"

Appellants claim that the trial court was in error in failing to grant the motions for immediate discharge. However, whether the court was in error, the action was properly before the court and within its jurisdiction. Where an action is pending and undetermined in a lower court of competent jurisdiction, and where there is otherwise an adequate remedy by way of appeal, this court has no authority to determine what judgment should be rendered by the lower court. *State, ex rel. McCamey,* v. *Court of Common Pleas* (1943), 141 Ohio St. 610, 49 N. E. 2d 761; *State, ex rel. Keller,* v. *Waite* (1904), 70 Ohio St. 149, 71 N. E. 286. Appellants have an adequate remedy by way of

appeal from the final judgments of the trial court.

This court has no authority to grant the writ prayed for. We do not wish to further delay actions which have been in the courts for over four years without trial being had, and these causes should be set for trial before the Court of Common Pleas at the earliest possible date.

Therefore, for the reasons stated herein, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.