THE STATE EX REL. ALHAMARSHAH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Alhamarshah v. Indus. Comm.,* 142 Ohio St.3d 524, 2015-Ohio-1357.]

(No. 2013–1218—Submitted January 13, 2015—Decided April 9, 2015.)

_____

**Per Curiam.**

{¶ 1} Claimant-appellant, Mustafa Alhamarshah, appeals the judgment of the Tenth District Court of Appeals denying his request for a writ of mandamus that would require appellee Industrial Commission of Ohio to vacate its order allowing his purported employer to appeal from the order of the Bureau of Workers' Compensation that had allowed Alhamarshah's claim. The commission ultimately denied the claim on the merits.

{¶ 2} Alhamarshah appealed the denial of his claim to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512(A). About a month later, he filed a complaint for a writ of mandamus in the Tenth District Court of Appeals alleging that the commission abused its discretion when it allowed the purported

employer to appeal the bureau's initial order. Because the appeal in the common pleas court provided an adequate remedy in the ordinary course of law, Alhamarshah is not entitled to relief in mandamus. Consequently, we affirm, but on grounds other than those stated by the court of appeals.

*Facts*

{¶ 3} On September 21, 2009, Alhamarshah was injured when he fell while trying to cut a tree branch. On December 21, 2009, he filed an application for workers' compensation benefits alleging that that injury had occurred while he was employed as a laborer for appellee Mohamed Salem, d.b.a. Ballmohd, L.L.C.

{¶ 4} On January 7, 2010, the bureau allowed the claim against Salem as the employer and ordered payment of medical benefits and temporary-total-disability compensation. The order informed the parties that the decision would become final unless a written appeal was received within 14 days. The order further advised the parties to contact "Jolene M" at the bureau's Columbus service office with any questions.

{¶ 5} Salem asked a friend, Abdul Alnobani, to telephone Jolene to ask about filing an appeal. Both Salem and Alnobani spoke with Jolene on a three-way call, and she told them how to proceed. Alnobani then faxed some documents to "Jolin" that allegedly disproved any employer-employee relationship. The cover page to the faxed documents identified the subject as "Mustafa Alhamarshah— Mohammad Salem," but it did not include the claim number or date of the order being appealed. Upon receipt, the words "construe as appeal" were handwritten on the cover page, apparently by a bureau employee, and the documents were forwarded to the appeals section of the commission.

{¶ 6} The commission ultimately concluded that Salem's appeal substantially complied with the requirements in R.C. 4123.511(F) for an administrative notice of appeal and that there was no evidence that Alhamarshah had been prejudiced by any omission in the notice of appeal. The commission accordingly accepted the appeal as valid and referred the matter to a district hearing officer for consideration of the merits of the initial application.

{¶ 7} The hearing officer disallowed the claim on the merits, finding that Alhamarshah was not an employee of Salem, and the commission affirmed that order. Alhamarshah appealed to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512. About a month later, he filed a complaint for a writ of mandamus in the court of appeals, alleging that the commission's order determining that Salem's administrative appeal was valid was an abuse of discretion and contrary to law.

{¶ 8} A magistrate determined that the mandamus action was premature in light of the case pending in common pleas court and that the writ should be

denied on that basis. By the time the court of appeals considered Alhamarshah's objections, he had dismissed his case in the common pleas court without prejudice, subject to refiling within one year. The court of appeals proceeded to consider the merits of the mandamus action and concluded that the commission did not abuse its discretion when it allowed Salem's appeal from the bureau's initial decision in Alhamarshah's favor to proceed. The court denied the writ.

{¶ 9} Alhamarshah's appeal as of right is now before the court.

*Legal Analysis*

{¶ 10} Once the commission has issued a final order determining the claimant's entitlement to participate in the workers' compensation fund, any party may appeal the order, except for decisions as to the extent of disability, to the court of common pleas pursuant to R.C. 4123.512. R.C. 4123.511(E) and 4123.512(A); *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 278–279, 737 N.E.2d 519 (2000). This court has held that decisions determining an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable to the court of common pleas. *Felty v. AT & T Technologies, Inc.*, 65 Ohio St.3d 234, 602 N.E.2d 1141 (1992), paragraph one of the syllabus; *Afrates v. Lorain*, 63 Ohio St.3d 22, 26, 584 N.E.2d 1175 (1992).

{¶ 11} The lack of an adequate remedy in the ordinary course of the law is a necessary prerequisite for relief in mandamus. *State ex rel. Consolidation Coal Co. v. Indus. Comm.*, 18 Ohio St.3d 281, 284, 480 N.E.2d 807 (1985), citing *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 88, 218 N.E.2d 428 (1966). When the relator has a plain and adequate remedy at law by way of appeal, courts lack authority to exercise jurisdictional discretion and must deny the writ, regardless of whether the relator used the remedy. *Id.; State ex rel. Davet v. Sutula*, 8th Dist. Cuyahoga No. 96548, 2011-Ohio-2803, 2011 WL 2409641, ¶ 10. This is a threshold question that we must consider even when the court of appeals has not addressed the issue. *State ex rel. Woodbury v. Spitler*, 40 Ohio St.2d 1, 3, 318 N.E.2d 165 (1974).

{¶ 12} In this case, the commission decided that the documentation submitted on behalf of the purported employer substantially complied with the statutory requirements for a notice of an appeal of the bureau's initial order. This decision conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal. The commission's exercise of jurisdiction resulted in a decision denying the claimant's right to participate in the workers' compensation system. Consequently, the decision allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system. As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512. *See Consolidation Coal Co.* at 284–285.

{¶ 13} Alhamarshah had an adequate remedy in the ordinary course of law by way of an appeal under R.C. 4123.512 regarding the issue he raises in this case, and therefore he is not entitled to relief in mandamus. Accordingly, on grounds other than those stated by the court below, we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Malek & Malek and Douglas C. Malek, for appellant.

Michael DeWine, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee Industrial Commission.

Thomas & Company, L.P.A., and Christopher P. Aemisegger, for appellee Mohamed Salem, d.b.a. Ballmohd, L.L.C.