[Cite as *State ex rel. Black v. CVS Pharmacy, Inc.,*, 2015-Ohio-4868.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Sharon Black, | : | |
| Relator, | : | |
| v. | : | No. 15AP-120 |
| CVS Pharmacy, Inc., Revco, D.S., Inc. and Industrial Commission of Ohio, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on November 24, 2015

*Michael J. Muldoon,* for relator.

*Thomas & Company, L.P.A.,* and *William R. Thomas,* for respondent CVS Pharmacy, Inc., Revco, D.S., Inc.

*Michael DeWine*, Attorney General, and *Stephen D. Playmale,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} In this original action, relator, Sharon Black ("relator"), requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order exercising its continuing jurisdiction and finding that her claim should not be allowed for a disc herniation at T12-L1 when she had already filed a notice of appeal from the disallowance of other conditions, pursuant to R.C. 4123.512, and ordering the commission to reinstate its order allowing her claim for disc herniation at T12-L1.

{¶ 2} Pursuant to Civ.R. 53(D) and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings

of fact and conclusions of law, which is appended hereto. The magistrate concluded that relator has an adequate remedy in the ordinary course of law by way of appeal to the common pleas court and, as such, is not entitled to a writ of mandamus. Accordingly, the magistrate recommended that this court deny the requested writ of mandamus.

{¶ 3} No objections have been filed to the magistrate's findings of fact. After an independent review of the same, we adopt those findings of fact as our own. Relator objects to the magistrate's conclusion that she has an adequate remedy of law by way of an appeal to the common pleas court and argues that mandamus is the appropriate remedy pursuant to the Supreme Court of Ohio precedent in *State ex rel. Saunders v. Metal Container Corp.*, 52 Ohio St.3d 85 (1990). Relator argues that, because she had already appealed the disallowance of other claims to the common pleas court, the commission did not have jurisdiction to invoke its continuing jurisdiction to deny her claim for disc herniation at T12-L1.

{¶ 4} In *Saunders,* the commission's district hearing officer ("DHO") issued an order allowing a condition described as "back." At the time, R.C. 4121.36(B) required the order allowing a condition to contain a "description of the part of the body and nature of the disability recognized in the claim." The commission subsequently attempted to correct the error by amending the part of the body affected from "back" to "lumbosacral" and "lumbar spine."

{¶ 5} The Supreme Court noted that a statutorily defective allowance, such as the one issued by the DHO, constituted a "mistake," which permitted the commission, pursuant to R.C. 4123.52, to invoke its continuing jurisdiction to correct. It held, however, that the commission could have simply amended the allowed condition to reflect "back sprain," but, instead, the commission went too far in narrowing the named body part from "back" to "lumbosacral" and "lumbar spine." The Supreme Court held that, although the commission was permitted to invoke continuing jurisdiction to correct the mistake, the continuing jurisdiction did not allow the extent of the correction attempted here.

{¶ 6} Relevant here, the Supreme Court in *Saunders* also held that mandamus was the proper remedy to address the commission's improper extension of continuing jurisdiction. The Supreme Court noted that "[t]he relevant question here is not one of

appellee's right to participate * * * for a 'back' injury but is instead whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed.  We find the latter question to be the proper subject matter for a writ of mandamus." *Id.* at 86.

{¶ 7}   Relator suggests that *Saunders* controls. We disagree.  The question before us now is not whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed.   The crux of relator's argument here, however, is that the institution of an appeal of the disallowance of other claims, pursuant to  R.C. 4123.519, deprived the commission of jurisdiction to even consider whether there was a mistake sufficient to  invoke it's continuing jurisdiction, pursuant to R.C. 4123.52, regarding the disc herniation at T12-L1 claim.  The issue here is a precursor to the issue of whether a mistake existed sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52.

{¶ 8}   Relator argues that the magistrate's reliance on *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, is misplaced.   In *Alhamarshah*, the commission accepted documentation from the employer and determined that it substantially complied with the statutory requirements for a notice of an appeal of the Bureau of Worker's Compensation's initial allowance of a claim.  The Supreme Court of Ohio noted that "[t]his decision conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal" and that such exercise of jurisdiction "resulted in a decision denying the claimant's right to participate in the worker's compensation system."   The Supreme Court held that "[c]onsequently, the decision allowing the appeal to proceed was *essential to the ultimate determination that denied the claimant's participation in the worker's compensation system*. As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512." (Emphasis added.)  *Id.* at ¶ 10-12.   Likewise, here, the commission's decision to proceed, while the appeal of other disallowed claims was pending in the common pleas court, was essential to the ultimate determination that denied relator's participation in the workers' compensation system for the disc herniation at T12-L1.

{¶ 9}   We find the magistrate properly relied upon *Alhamarshah*, and, for the reasons stated above and in the magistrate's decision, we find no merit to relator's objections.

{¶ 10}   Accordingly, relator's objections to the magistrate's decision are overruled.

{¶ 11} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. We, therefore, overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, the requested writ of mandamus is hereby denied.

*Objections overruled; writ denied.*

BROWN, P.J., and TYACK, J., concur.

————————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Sharon Black, | : | |
| Relator, | : | |
| v. | : | No. 15AP-120 |
| CVS Pharmacy, Inc., Revco, D.S., Inc. and Industrial Commission of Ohio, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

## MAGISTRATE'S DECISION

### Rendered on August 20, 2015

*Michael J. Muldoon,* for relator.

*Thomas & Company, L.P.A.,* and *William R. Thomas,* for respondent CVS Pharmacy, Inc., Revco, D.S., Inc.

*Michael DeWine*, Attorney General, and *Stephen D. Playmale,* for respondent Industrial Commission of Ohio.

### IN MANDAMUS

{¶ 12} Relator, Sharon Black, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order exercising its continuing jurisdiction, and finding that her claim should not be allowed for a disc herniation at T12-L1 when she had already filed a notice of appeal from the disallowance of other conditions pursuant to R.C. 4123.512,

and ordering the commission to reinstate its order allowing her claim for disc herniation at T12-L1.

Findings of Fact:

{¶ 13} 1. Relator alleged that she sustained a work-related injury on November 27, 2012, and that she hurt her back. Respondent, CVS Pharmacy, Inc., Revco, D.S., Inc. ("CVS"), as a self-insured employer, certified her claim for lumbar strain and thoracic strain.

{¶ 14} 2. On March 19, 2014, relator filed a C-86 motion asking that her workers' compensation claim be additionally allowed for the following conditions:

> "847.1 thoracic ba[c]k strain; 847.2 lumbar back strain; 846.0 lumbosacral strain" by direct causation. "7252.10 lumbar disc displacement; 725.11 thoracic disc displacement; 724.3 sciatica" by substantial aggravation of preexisting condition.

{¶ 15} 3. The only piece of evidence relator submitted was the February 25, 2014 report of Steven Parsons, M.D., whose report simply states that relator's claim should include the above listed diagnoses.

{¶ 16} 4. Relator's motion was heard before a district hearing officer ("DHO") on June 27, 2014. After finding that CVS had already allowed her claim for thoracic back strain and lumbar back strain, the DHO found that her request to have those conditions allowed was moot. Thereafter, the DHO determined that relator had not met her burden of proving that she be permitted to have the other conditions allowed in her claim, stating[1]:

> It is noted that the conditions of **THORACIC BACK STRAIN** and **LUMBAR BACK STRAIN** have been accepted by the Self-Insuring Employer and are therefore moot.
>
> The claim is specifically **DISALLOWED** for **"LUMBOSACRAL STRAIN; SUBSTANTIAL AGGRAVATION OF PRE-EXISTING LUMBAR DISC DISPLACEMENT; SUBSTANTIAL AGGRAVATION**

---

[1] While the DHO order cites to additional medical evidence, i.e., reports from Drs. Friedman and Shadel, MRI reports, and office notes of Dr. Miely, none of those documents are contained in the stipulation of evidence.

> **OF PRE-EXISTING THORACIC DISC DISPLACEMENT; SCIATICA."**
>
> The District Hearing Officer finds that the medical evidence fails to persuasively support that these conditions are causally related to the 11/27/2012 industrial injury. The District Hearing Officer relies on the report of Dr. Freedman dated 06/25/2014 as well as reports of Dr. Shadel dated 12/31/2013 and 09/18/2013. These physicians note the extensive pre-existing treatment including surgery in 2008 and 2010 for the lumbar spine. Dr. Freedman opines that the medical evidence fails to support the lumbosacral strain as being causally related to the industrial injury and that the medical evidence fails to support a substantial aggravation of pre-existing lumbar disc displacement and thoracic disc displacement and sciatica. The District Hearing Officer also notes the office notes of Dr. Miely dated 01/24/2013 and 03/19/2013 indicate the MRI of the lumbar spine did not show any particular abnormalities noting no motor or sensory deficits on examination and that the thoracic spine MRI was normal.

(Emphasis sic.)

{¶ 17} 5. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on August 20, 2014. The SHO modified the prior DHO order, agreeing that relator's claim should not be allowed for the additional conditions of lumbosacral strain and sciatica. The SHO dismissed the requested additional allowances of substantial aggravation of pre-existing lumbar disc displacement and thoracic disc displacement as vague because no levels were listed. However, the SHO determined that relator's claim should be additionally allowed for disc herniation at T12-L1, stating:

> [I]t is the order of the Staff Hearing Officer that * * * this claim is additionally **ALLOWED** for **"DISC HERNIATION T12-L1"** based on the 01/15/2013 lumbar MRI, the 03/13/2013 thoracic MRI, the 01/24/2013 office note of Dr. Miely which notes "most of her pain is at the level of the mid thoracic spine at the level of the bra strap," the 02/25/2014 report of Dr. Parsons and the testimony of the Injured Worker who indicated that she was injured lowering 80 to 90 pounds (a 40 pound tote with additional 40 to 50 pounds of sugar that had slid onto the tote) from above her head to the floor. The Staff Hearing Officer finds that this condition is a result of the 11/27/2012 incident.

(Emphasis sic.)

{¶ 18} 6. CVS filed an appeal on grounds the SHO allowed relator's claim for a condition she not only did not request, but for which CVS did not have notice.

{¶ 19} 7. In an order mailed September 16, 2014, the commission refused CVS's appeal.

{¶ 20} 8. On September 24, 2014, CVS filed a request for reconsideration arguing that the SHO's order contained a clear mistake of law:

> We represent the self-insured employer, CVS Pharmacy, with regard to the above-referenced matter. CVS urges the Industrial Commission of Ohio to reconsider its refusal order, mailed September 16, 2014. An additional hearing is warranted pursuant to Industrial Commission Resolution 08-1-01 because the Staff Hearing Officer's order contains a clear mistake of law. Specifically, the Staff Hearing Officer additionally allowed the claim for Disc Herniation T12-L1. However, this condition was neither requested by the claimant nor was it noticed on the Notice of Hearing. "As a matter of law, at hearings with notice, consideration shall be confined to the issues presented in the adjudication of the claim..." OAC 4121-3-09(C)(5). Not only was the additional condition of Disc Herniation T12-L1 not noticed, this issue was never even discussed at the hearing. Therefore, the employer has been prejudiced.
>
> Accordingly, the SHO's order additionally allowing this claim for a Disc Herniation T12-L1 constitutes a mistake of law. More important, the employer was never granted an opportunity to contest the condition of Disc Herniation T12-L1.

{¶ 21} 9. On October 7, 2014, relator filed a notice of appeal pursuant to section R.C. 4123.512 in the Franklin County Court of Common Pleas ("common pleas court") arguing that she is entitled to participate in the Ohio workers' compensation system for the conditions which the commission disallowed.

{¶ 22} 10. In an order mailed October 23, 2014, the commission first denied CVS's request for reconsideration finding that the request failed to meet the criteria of Industrial Commission Resolution R08-1-01 and, thereafter, the commission found that the evidence on file was sufficient to warrant adjudication of a probable clear mistake of fact and law in the SHO's order on the following grounds:

Specifically, it is arguable that in the Staff Hearing Officer order, issued 08/22/2014, the Staff Hearing Officer additionally allowed the claim for disc herniation T12-L1 on a direct causation basis without citing to medical evidence supporting recognition of the condition under such theory of causation.

{¶ 23} The commission vacated the prior SHO's order, invoked its continuing jurisdiction, and determined that relator's appeal filed pursuant to R.C. 4123.512 only divested the commission of jurisdiction to consider the merits of her request for additional allowances of lumbosacral strain and sciatica, and noted that those issues would not be considered at the hearing.

{¶ 24} 11. The commission held a hearing on January 6, 2015, and, in a corrected order mailed March 4, 2015, determined that grounds existed for the exercise of continuing jurisdiction, on a sua sponte basis, due to a clear mistake of law in the SHO's order. The commission granted CVS's appeal, vacated the order of the SHO, and specifically disallowed relator's claim for disc herniation at T12-L1, stating:

It is further the order of the Commission the Injured Worker's C-86 Motion, filed 03/19/2014, seeking additional allowance * * * [is] denied to the extent and in the manner specified below. The claim is specifically **DISALLOWED** for **DISC HERNIATION AT T12-L1**. In reaching this portion of the decision, the Commission relies upon the 06/25/2014 narrative of Paul Freedman, M.D., as well as the 12/31/2013 addendum report of Robert Shadel, M.D. This medical evidence indicates the disc condition was not directly caused by the industrial injury of 11/27/2012.

(Emphasis sic.)

{¶ 25} The commission specifically rejected relator's argument that the commission had been divested of jurisdiction because of relator's appeal, stating:

At the outset of his presentation at the 01/06/2015 hearing before the Commission, the Injured Worker's representative argued the Commission was without jurisdiction to proceed on the matter noticed for hearing because the Injured Worker had previously appealed the underlying Staff Hearing Officer order of 08/22/2014, into the Court of Common Pleas of Franklin County on 10/02/2014. This appeal, the Injured Worker's representative argued, divested

the Commission of authority to further address any of the findings in that order.

The Commission rejects this argument. The Injured Worker's appeal into court pursuant to R.C. 4123.512 only pertained to the conditions of "lumbosacral strain and sciatica," which were denied by the Staff Hearing Officer order of 08/22/2014. Because of this fact, the Commission finds it only lost jurisdiction with respect to those specific conditions and otherwise retains jurisdiction to address the other issues the Staff Hearing Officer order of 08/22/2014 adjudicated.

{¶ 26} 12. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 27} For the reasons that follow, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion when it exercised its continuing jurisdiction and this court should deny relator's request for a writ of mandamus.

{¶ 28} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 29} Relator contends that the commission did not have jurisdiction to disallow her claim for disc herniation at T12-L1 because, at the time the commission made this determination, relator had an appeal pending in the common pleas court pursuant to R.C. 4123.512 and was challenging the commission's earlier determination which disallowed her claim for lumbosacral strain and sciatica. Relator asserts that, when she filed her notice of appeal, the commission lost jurisdiction to take further administrative proceedings in reference to her claim. Further, relator asserts that, once the commission denied the employer's request for reconsideration, the commission was without jurisdiction to sua sponte reconsider the SHO's order which allowed her claim for disc herniation T12-L1.

{¶ 30} Recently, the Supreme Court of Ohio decided *State ex rel. Alhamarshah v. Indus. Comm.,* 142 Ohio St.3d 524, 2015-Ohio-1357. In that case, Mustafa Alhamarshah

alleged that he sustained a work-related injury while working as a laborer for Mohamed Salem, d.b.a. Ballmohd, L.L.C. ("Salem"). The BWC allowed the claim against Salem as the employer and ordered the payment of medical benefits and temporary total disability ("TTD") compensation. The order informed the parties that the decision would become final unless a written appeal was received within 14 days and further advised the parties to contact "Jolene M" at the BWC's Columbus Service Office with any questions. *Id.* at ¶ 4.

{¶ 31} With the help of a friend, Salem telephoned Jolene about filing an appeal. Salem asserted that there was no employer-employee relationship. The documents faxed to the BWC failed to include the claim number or the date of the order being appealed. Upon receipt, the words "construe as appeal" were hand-written on the cover page and forwarded to the appeals section of the commission. *Id.* at ¶ 5.

{¶ 32} Ultimately, the commission concluded that Salem's appeal substantially complied with the requirements of R.C. 4123.511(F) and further found that there was no evidence that Alhamarshah had been prejudiced by any omission in the notice of appeal. The commission then disallowed the claim on the merits, finding that Alhamarshah was not an employee of Salem and the commission affirmed that order. Alhamarshah appealed to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512 and filed a complaint for a writ of mandamus in the Franklin County Court of Appeals, alleging that the commission's order determining that Salem's administrative appeal was valid was an abuse of discretion and contrary to law.

{¶ 33} Ultimately, the Supreme Court of Ohio determined that Alhamarshah was not entitled to relief in mandamus because he had an adequate remedy in the ordinary course of law by way of appeal under R.C. 4123.512, stating:

> Once the commission has issued a final order determining the claimant's entitlement to participate in the workers' compensation fund, any party may appeal the order, except for decisions as to the extent of disability, to the court of common pleas pursuant to R.C. 4123.512. R.C. 4123.511(E) and 4123.512(A); *State ex rel. Liposchak v. Indus. Comm.,* 90 Ohio St.3d 276, 278–279, 737 N.E.2d 519 (2000). This court has held that decisions determining an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable to the court of common pleas. *Felty v. AT & T Technologies, Inc.,* 65 Ohio St.3d 234, 602 N.E.2d 1141

(1992), paragraph one of the syllabus; *Afrates v. Lorain,* 63 Ohio St.3d 22, 26, 584 N.E.2d 1175 (1992).

The lack of an adequate remedy in the ordinary course of the law is a necessary prerequisite for relief in mandamus. *State ex rel. Consolidation Coal Co. v. Indus. Comm.,* 18 Ohio St.3d 281, 284, 480 N.E.2d 807 (1985), citing *State ex rel. Sibarco Corp. v. Berea,* 7 Ohio St.2d 85, 88, 218 N.E.2d 428 (1966). When the relator has a plain and adequate remedy at law by way of appeal, courts lack authority to exercise jurisdictional discretion and must deny the writ, regardless of whether the relator used the remedy. *Id.*; *State ex rel. Davet v. Sutula,* 8th Dist. Cuyahoga No. 96548, 2011-Ohio-2803, 2011 WL 2409641, ¶ 10. This is a threshold question that we must consider even when the court of appeals has not addressed the issue. *State ex rel. Woodbury v. Spitler,* 40 Ohio St.2d 1, 3, 318 N.E.2d 165 (1974).

In this case, the commission decided that the documentation submitted on behalf of the purported employer substantially complied with the statutory requirements for a notice of an appeal of the bureau's initial order. This decision conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal. The commission's exercise of jurisdiction resulted in a decision denying the claimant's right to participate in the workers' compensation system. Consequently, the decision allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system. As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512. *See Consolidation Coal Co.* at 284-285, 480 N.E.2d 807.

*Id.* at ¶ 10-12.

{¶ 34} Recently, in *State ex rel. Johnson v. OSU Cancer Research Hosp.,* 10th Dist. No. 14AP-430, 2015-Ohio-3249, this court addressed the applicability of the recent Supreme Court of Ohio decision in *Alhamarshah.*

{¶ 35} Eleanorene Johnson suffered an industrial injury in 2010 and her claim was allowed for the following physical condition: sprain lumbosacral. On August 23, 2013, Johnson filed a C-86 motion requesting that her claim be additionally allowed for the following psychological condition: major depression, single episode, non-psychotic, severe. A DHO disallowed Johnson's request. The matter came before the SHO on

No. 15AP-120                                                                                    13

October 18, 2013. The SHO granted Johnson's request and additionally allowed her claim to include the requested psychological condition. OSU attempted to appeal the SHO's order, but the commission refused the appeal.

{¶ 36} OSU then filed a request for reconsideration with the commission. On January 9, 2014, the commission issued an order vacating the SHO's order and setting the matter for a hearing. The commission concluded that the SHO's order contained a clear mistake of law, as it failed to find that the requested psychological condition was causally related to the allowed physical condition. The commission accordingly granted OSU's request for reconsideration, and denied Johnson's request for the additional allowance.

{¶ 37} Johnson filed a mandamus action in this court asserting that the commission abused its discretion when it granted OSU's request for reconsideration and asked that the commission be ordered to reinstate the SHO's order which allowed her claim for the psychological condition.

{¶ 38} OSU argued that this court did not have jurisdiction to hear the matter asserting that it was a right to participate and that Johnson had an adequate remedy at law. As OSU asserted, if this court found the commission abused its discretion when it determined the SHO's order contained a clear mistake of law, Johnson's claim would be additionally allowed for a psychological condition and OSU would have to challenge that allowance in common pleas court.

{¶ 39} This court's magistrate found this court did have jurisdiction finding that the commission's determination that it had continuing jurisdiction was reviewable here in mandamus and could not be challenged elsewhere. Thereafter, the magistrate found that the commission did not abuse its discretion when it exercised its continuing jurisdiction.

{¶ 40} OSU filed an objection to the magistrate's decision and argued that, pursuant to the Supreme Court of Ohio's recent decision in *Alhamarshah,* this court should find that mandamus relief was inappropriate because Johnson had an adequate remedy at law. Finding that the commission's decision to exercise its continuing jurisdiction resulted in a decision which denied Johnson the right to participate in the workers' compensation system, this court found that the commission's decision was "essential to the ultimate determination that denied [Johnson's] participation in the workers' compensation system," and mandamus relief was inappropriate as Johnson had

an adequate remedy in the ordinary course of law by way of an appeal under R.C. 4123.512. *Id.* at ¶ 12.

{¶ 41} In the present case, just as in *Alhamarshah,* the commission has denied relator's request to participate (for a specific condition) in the workers' compensation system. As in *Alhamarshah,* relator has appeals pending in the common pleas court pursuant to R.C. 4123.512. As in *Alhamarshah,* relator has also filed a mandamus action in this court asserting that the commission's orders, which ultimately denied her the right to participate, constitute an abuse of discretion and asks this court to order the commission to consider her request to participate in the workers' compensation system on its merits. As in *Alhamarshah,* the commission's orders here were essential to the ultimate determination that denied relator's participation in the workers' compensation system and is appealable pursuant to R.C. 4123.512.

{¶ 42} Based on the foregoing, it is this magistrate's decision that relator has an adequate remedy in the ordinary course of law by way of appeal to the common pleas court and, as such, is not entitled to a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).