[Cite as *State ex rel. Belle Tire Distribs, Inc. v. Indus. Comm.*, 2016-Ohio-7869.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Belle Tire Distributors, Inc., | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 16AP-92 |
| | : | |
| Industrial Commission of Ohio and<br>Herbert Melroy c/o Judy Melroy, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

---

D E C I S I O N

Rendered on November 22, 2016

---

*Licata Law Group*, and *David J. Kovach*, for relator.

*Michael DeWine*, Attorney General, and *Eric J. Tarbox*, for respondent Industrial Commission of Ohio.

*Law Office of Megan E. Burke, LLC*, and *Megan E. Burke*, for respondent Judy Melroy.

---

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Belle Tire Distributers, Inc., commenced this original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order exercising its continuing jurisdiction to allow a death benefits claim of Judy Melroy, the surviving spouse of a fatally injured worker.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision,

including findings of fact and conclusions of law. The magistrate determined that relator had a plain and adequate remedy at law by filing an appeal pursuant to R.C. 4123.512. As a result, the magistrate recommended that this court grant claimant's motion to dismiss the requested writ of mandamus. For the following reasons, we overrule the objection and dismiss the requested writ.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 3}  None of the parties have filed objections to the magistrate's findings of fact, and following an independent review of the record, we adopt those findings as our own. As more fully set forth in the magistrate's decision, on the date of his death, Herbert Melroy was employed by relator. His surviving spouse, Judy Melroy, filed a claim for death benefits with the Ohio Bureau of Workers' Compensation. The claim was initially rejected as not work related, but after several appeals and requests for reconsideration, the commission exercised its continuing jurisdiction to reconsider the claim due to a clear mistake in fact regarding how the decedent worker died and then allowed the claim on its merits.

{¶ 4}  On February 5, 2016, relator filed a mandamus complaint with this court, alleging that the commission abused its discretion in exercising its continuing jurisdiction and allowing the claim. Claimant filed a motion to dismiss on March 3, 2016 arguing that, pursuant to the Supreme Court of Ohio's decision in *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, and this court's decision in *State ex rel. Johnson v. OSU Cancer Research Hosp.*, 10th Dist. No. 14AP-430, 2015-Ohio-3249, relator had a plain and adequate remedy at law in an R.C. 4123.512 appeal.

{¶ 5}  In its brief in opposition to relator's motion to dismiss, claimant cited *State ex rel. Saunders v. Metal Container Corp.*, 52 Ohio St.3d 85, 86 (1990), for the proposition that mandamus is the proper means to challenge the propriety of the commission's exercise of continuing jurisdiction. According to claimant, the commission is not "[i]nsulate[d]" from a mandamus challenge by entering a single order that includes both the determination of continuing jurisdiction and the determination of the right to participate. (Relator's Brief in Opp. to Mot. to Dismiss at 6.)  Claimant contended that *Alhamarshah* is distinguishable as it did not involve continuing

jurisdiction, that *Johnson* was incorrectly decided, and that an appeal did not afford relator an adequate remedy.

{¶ 6} The magistrate determined that the Supreme Court's decision in *Alhamarshah* applied and that relator was not entitled to relief in mandamus because an adequate remedy at law exists by way of an appeal under R.C. 4123.512. In doing so, the magistrate discussed the *Johnson* court's finding that the commission's decision to exercise its continuing jurisdiction was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system, and, therefore, mandamus relief was inappropriate as an adequate remedy in the ordinary course of law because there existed an appeal under R.C. 4123.512. The magistrate also discussed *State ex rel. Black v. CVS Pharmacy, Inc.*, 10th Dist. No. 15AP-120, 2015-Ohio-4868, which addressed the implication of the *Saunders* decision after *Alhamarshah*. Ultimately, finding this case akin to *Johnson*, the magistrate recommended that the court grant claimant's motion and dismiss the action.

## II. OBJECTION

{¶ 7} Relator sets forth the following objection:

> Because It Does Not Afford A Remedy By Which Belle Tire Can Challenge The Exercise Of Continuing Jurisdiction By The Commission, R.C. 4123.512 Is Not An Adequate Remedy At Law Sufficient To Negate This Court's Mandamus Jurisdiction.

## III. DISCUSSION

{¶ 8} Relator's objection sets forth the same argument made to and addressed by the magistrate. We conclude that the magistrate correctly reasoned that *Johnson* is directly on point and determines the issues here, that *Alhamarshah* applies, and that relator has an adequate remedy at law in an R.C. 4123.512 appeal. Relator's assertion that *Johnson* was decided incorrectly and associated request for en banc consideration is without merit. Therefore, for the reasons set forth in the magistrate's analysis, we overrule relator's objection. *State ex rel. Schottenstein Stores Corp. v. Indus. Comm.*, 10th Dist. No. 07AP-1066, 2009-Ohio-2142, ¶ 4.

**IV.  CONCLUSION**

{¶ 9}   Following review of the magistrate's decision, an independent review of the record, and due consideration of relator's objection, we find the magistrate properly determined the facts and applied the appropriate law.   Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, the requested writ of mandamus is dismissed.

*Objection overruled;*
*writ of mandamus dismissed.*

BROWN and KLATT, JJ., concur.

_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio ex rel.                                    :
Belle Tire Distributors, Inc.,

                                                         :

      Relator,

                                                         :

v.                                                                                No. 16AP-92

                                                         :

Industrial Commission of Ohio                                        (REGULAR CALENDAR)
and Herbert Melroy c/o Judy Melroy,                      :

      Respondents.                                  :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 25, 2016

---

*Licata & Associates Co., L.P.A.,* and *David J. Kovach,* for relator.

*Michael DeWine,* Attorney General, and *B. Alexander Kennedy,* for respondent Industrial Commission of Ohio.

*Law Office of Megan E. Burke, LLC,* and *Megan E. Burke,* for respondent Judy Melroy.

---

### IN MANDAMUS
### ON CLAIMANT'S MOTION TO DISMISS

{¶ 10} Relator, Belle Tire Distributors, Inc. ("Belle Tire"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order wherein the commission exercised its continuing jurisdiction as requested by respondent Judy

Melroy ("claimant"), as the widow of Herbert Melroy ("decedent"), and allowed decedent's claim.

<u>Findings of Fact:</u>

{¶ 11} 1.  The following facts come directly from relator's mandamus complaint:

[One] Relator, Belle Tire Distributors, Inc. is a compliant state-fund employer of Ohio's workers' compensation system.

[Two] Relator employed Respondent Herbert Melroy ("Decedent") on November 19, 2014, when he died.

[Three] Judy Melroy ("Claimant") is the surviving spouse of Decedent.

[Four] Claimant filed a death claim with the Ohio Bureau of Workers' Compensation ("BWC") on January 27, 2015.

[Five] The BWC assigned the claim number 14-867936, and denied the claim because the death was not work related.

[Six] Claimant appealed the denial of her claim to Respondent Industrial Commission of Ohio ("Commission").

[Seven] A district hearing officer ("DHO") of the Commission vacated the BWC order and allowed the claim.

[Eight] Relator timely appealed the DHO order, and a staff hearing officer ("SHO") vacated the DHO order and disallowed the claim in its entirety, finding that Claimant had not met her burden of proving that Decedent died in the course of and arising out of his employment activities.

[Nine] Claimant appealed the SHO order to the Commission, which refused to hear her appeal.

[Ten] Claimant sought reconsideration of the SHO order, asserting that it was based on clear mistakes of fact and law.

[Eleven] In an order mailed on January 9, 2016, the Commission concluded that it had continuing jurisdiction to reconsider the SHO order because the determination of the SHO that Decedent died "while in the process of beginning" to change a super-sized semi-truck tire was a clear mistake of fact.

[Twelve] Having exercised its continuing jurisdiction to reconsider the claim, the Commission then allowed the claim on its merits.

{¶ 12} 2. On February 5, 2016, relator filed this mandamus complaint alleging that the commission abused its discretion when it exercised its continuing jurisdiction and allowed the claim.

{¶ 13} 3. On March 3, 2016, claimant filed a motion to dismiss arguing that relator had a plain and adequate remedy at law by filing an appeal pursuant to R.C. 4123.512. Claimant cited the Supreme Court of Ohio's decision in *State ex rel. Alhamarshah v. Indus. Comm.,* 142 Ohio St.3d 524, 2015-Ohio-1357, as well as this court's decision in *State ex rel. Johnson v. OSU Cancer Research Hosp.,* 10th Dist. No. 14AP-430, 2015-Ohio-3249.

{¶ 14} 4. On March 7, 2016, relator filed a brief in opposition to the motion to dismiss arguing that neither the decision in *Alhamarshah* nor the decision in *Johnson* addressed the following passage from this court's decision in *State ex rel. Saunders v. Metal Container Corp.*, 52 Ohio St.3d 85 (1990):

Appellants also challenge appellee's resort to mandamus, contending that the commission's February 2, 1987 order could have been appealed under R.C. 4123.519. Appellants, however, misdefine the issue before us. The relevant question here is not one of appellee's right to participate in the State Insurance Fund for a "back" injury but is instead whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed. We find this latter question to be the proper subject matter for a writ of mandamus. *State, ex rel. Highway Co., v. Indus. Comm.* (1980), 70 Ohio App.2d 41.

*Id.* at 86.

{¶ 15} 5. The matter is currently before the magistrate on claimant's motion to dismiss.

Conclusions of Law:

{¶ 16} Finding that the court's decision in *Alhamarshah* does apply here, it is this magistrate's decision that this court should grant claimant's motion and dismiss this action.

{¶ 17} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 18} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 19} Recently, the Supreme Court decided *Alhamarshah*. In that case, Mustafa Alhamarshah alleged that he sustained a work-related injury while working as a laborer for Mohamed Salem, d.b.a. Ballmohd, L.L.C. ("Salem"). The Ohio Bureau of Workers' Compensation ("BWC") allowed the claim against Salem as the employer and ordered the payment of medical benefits and temporary total disability compensation. The order informed the parties that the decision would become final unless a written appeal was received within 14 days and further advised the parties to contact "Jolene M" at the BWC's Columbus Service Office with any questions. *Id.* at ¶ 4.

{¶ 20} With the help of a friend, Salem telephoned Jolene about filing an appeal. Salem asserted that there was no employer-employee relationship. The documents faxed to the BWC failed to include the claim number or the date of the order being appealed. Upon receipt, the words "construe as appeal" were hand-written on the cover page and forwarded to the appeals section of the commission. *Id.* at ¶ 5.

{¶ 21} Ultimately, the commission concluded that Salem's appeal substantially complied with the requirements of R.C. 4123.511(F) and further found that there was no

evidence that Alhamarshah had been prejudiced by any omission in the notice of appeal. The commission then disallowed the claim on the merits, finding that Alhamarshah was not an employee of Salem and the commission affirmed that order.

{¶ 22} Alhamarshah appealed to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512 and filed a complaint for a writ of mandamus in the Tenth District Court of Appeals, alleging that the commission's order determining that Salem's administrative appeal was valid was an abuse of discretion and contrary to law. Ultimately, the Supreme Court determined that Alhamarshah was not entitled to relief in mandamus because he had an adequate remedy in the ordinary course of law by way of appeal under R.C. 4123.512, stating:

> Once the commission has issued a final order determining the claimant's entitlement to participate in the workers' compensation fund, any party may appeal the order, except for decisions as to the extent of disability, to the court of common pleas pursuant to R.C. 4123.512. R.C. 4123.511(E) and 4123.512(A); *State ex rel. Liposchak v. Indus. Comm.,* 90 Ohio St.3d 276, 278-279, 2000 Ohio 73, 737 N.E.2d 519 (2000). This court has held that decisions determining an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable to the court of common pleas. *Felty v. AT & T Technologies, Inc.,* 65 Ohio St.3d 234, 1992 Ohio 60, 602 N.E.2d 1141 (1992), paragraph one of the syllabus; *Afrates v. Lorain,* 63 Ohio St.3d 22, 26, 584 N.E.2d 1175 (1992).
>
> The lack of an adequate remedy in the ordinary course of the law is a necessary prerequisite for relief in mandamus. *State ex rel. Consolidation Coal Co. v. Indus. Comm.,* 18 Ohio St. 3d 281, 284, 18 Ohio B. 333, 480 N.E.2d 807 (1985), citing *State ex rel. Sibarco Corp. v. Berea,* 7 Ohio St.2d 85, 88, 218 N.E.2d 428 (1966). When the relator has a plain and adequate remedy at law by way of appeal, courts lack authority to exercise jurisdictional discretion and must deny the writ, regardless of whether the relator used the remedy. *Id.*; *State ex rel. Davet v. Sutula,* 8th Dist. Cuyahoga No. 96548, 2011-Ohio-2803, 2011 WL 2409641, ¶ 10. This is a threshold question that we must consider even when the court of appeals has not addressed the issue. *State ex rel. Woodbury v. Spitler,* 40 Ohio St.2d 1, 3, 318 N.E.2d 165 (1974).

> In this case, the commission decided that the documentation submitted on behalf of the purported employer substantially complied with the statutory requirements for a notice of an appeal of the bureau's initial order. This decision conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal. The commission's exercise of jurisdiction resulted in a decision denying the claimant's right to participate in the workers' compensation system. Consequently, the decision allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system. As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512. See *Consolidation Coal Co.* at 284-285, 480 N.E.2d 807.

*Id.* at ¶ 10-12.

{¶ 23} Recently, in *Johnson*, this court addressed the applicability of the recent Supreme Court decision in Alhamarshah.  Eleanorene Johnson suffered an industrial injury in 2010 and her claim was allowed for the following physical condition: sprain lumbosacral.  On August 23, 2013, Johnson filed a C-86 motion requesting that her claim be additionally allowed for the following psychological condition: major depression, single episode, non-psychotic, severe.  A district hearing officer ("DHO") disallowed Johnson's request. The matter came before a staff hearing officer ("SHO") on October 18, 2013.  The SHO granted Johnson's request and additionally allowed her claim to include the requested psychological condition. OSU attempted to appeal the SHO's order, but the commission refused the appeal.

{¶ 24} OSU then filed a request for reconsideration with the commission.  On January 9, 2014, the commission issued an order vacating the SHO's order and setting the matter for a hearing.  The commission concluded that the SHO's order contained a clear mistake of law, as it failed to find that the requested psychological condition was causally related to the allowed physical condition.  The commission accordingly granted OSU's request for reconsideration, and denied Johnson's request for the additional allowance.

{¶ 25} Johnson filed a mandamus action in this court asserting that the commission abused its discretion when it granted OSU's request for reconsideration and

asked that the commission be ordered to reinstate the SHO's order which allowed her claim for the psychological condition.

{¶ 26} OSU argued that this court did not have jurisdiction to hear the matter asserting that it was a right to participate action and that Johnson had an adequate remedy at law.  As OSU asserted, if this court found the commission abused its discretion when it determined the SHO's order contained a clear mistake of law, Johnson's claim would be additionally allowed for a psychological condition and OSU would have to challenge that allowance in common pleas court.

{¶ 27} This court's magistrate found this court did have jurisdiction finding that the commission's determination that it had continuing jurisdiction was reviewable here in mandamus and could not be challenged elsewhere.  Thereafter, the magistrate found that the commission did not abuse its discretion when it exercised its continuing jurisdiction.

{¶ 28} OSU filed an objection to the magistrate's decision and argued that, pursuant to the Supreme Court's recent decision in *Alhamarshah,* this court should find that mandamus relief was inappropriate because Johnson had an adequate remedy at law.  Finding that the commission's decision to exercise its continuing jurisdiction resulted in a decision which denied Johnson the right to participate in the workers' compensation system, this court found that the commission's decision was "essential to the ultimate determination that denied [Johnson's] participation in the workers' compensation system," and mandamus relief was inappropriate as Johnson had an adequate remedy in the ordinary course of law by way of an appeal under R.C. 4123.512. *Id.* at ¶ 12.

{¶ 29} More recently, this court addressed the implication of the *Saunders* decision (1990) after *Alhamarshah* (2015)*.*  In *State ex rel. Black v. CVS Pharmacy, Inc.,* 10th Dist. No. 15AP-120, 2015-Ohio-4868, Sharon Black sought a writ of mandamus ordering the commission to vacate its order exercising its continuing jurisdiction and finding that her claim should not be allowed for disc herniation at T12-L1 when she had already filed a notice of appeal from the disallowance of other conditions pursuant to R.C. 4123.512, and ordering the commission to reinstate its order allowing her claim for disc herniation at T12-L1.  The magistrate issued a decision

applying *Alhamarshah* and finding that Black had an adequate remedy at law by way of an appeal to the common pleas court. Black filed an objection arguing that mandamus was the appropriate remedy citing *Saunders.* Black argued that, because she had already appealed the disallowance of other claims to the common pleas court, the commission did not have jurisdiction to invoke its continuing jurisdiction to deny her claim for other conditions.

{¶ 30} In discussing the applicability of *Saunders* following the Supreme Court's decision in *Alhamarshah,* this court stated:

> In Saunders, the commission's district hearing officer ("DHO") issued an order allowing a condition described as "back." At the time, R.C. 4121.36(B) required the order allowing a condition to contain a "description of the part of the body and nature of the disability recognized in the claim." The commission subsequently attempted to correct the error by amending the part of the body affected from "back" to "lumbosacral" and "lumbar spine."
>
> The Supreme Court noted that a statutorily defective allowance, such as the one issued by the DHO, constituted a "mistake," which permitted the commission, pursuant to R.C. 4123.52, to invoke its continuing jurisdiction to correct. It held, however, that the commission could have simply amended the allowed condition to reflect "back sprain," but, instead, the commission went too far in narrowing the named body part from "back" to "lumbosacral" and "lumbar spine." The Supreme Court held that, although the commission was permitted to invoke continuing jurisdiction to correct the mistake, the continuing jurisdiction did not allow the extent of the correction attempted here.
>
> Relevant here, the Supreme Court in Saunders also held that mandamus was the proper remedy to address the commission's improper extension of continuing jurisdiction. The Supreme Court noted that "[t]he relevant question here is not one of appellee's right to participate * * * for a 'back' injury but is instead whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed. We find the latter question to be the proper subject matter for a writ of mandamus." *Id.* at 86.
>
> Relator suggests that *Saunders* controls. We disagree. The question before us now is not whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52

existed. The crux of relator's argument here, however, is that the institution of an appeal of the disallowance of other claims, pursuant to R.C. 4123.519, deprived the commission of jurisdiction to even consider whether there was a mistake sufficient to invoke it's continuing jurisdiction, pursuant to R.C. 4123.52, regarding the disc herniation at T12-L1 claim. The issue here is a precursor to the issue of whether a mistake existed sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52.

Relator argues that the magistrate's reliance on *State ex rel. Alhamarshah v. Indus. Comm.,* 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43, is misplaced. In *Alhamarshah,* the commission accepted documentation from the employer and determined that it substantially complied with the statutory requirements for a notice of an appeal of the Bureau of Worker's Compensation's initial allowance of a claim. The Supreme Court of Ohio noted that "[t]his decision conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal" and that such exercise of jurisdiction "resulted in a decision denying the claimant's right to participate in the worker's compensation system." The Supreme Court held that "[c]onsequently, the decision allowing the appeal to proceed was *essential to the ultimate determination that denied the claimant's participation in the worker's compensation system.* As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512." (Emphasis added.) *Id.* at ¶ 10-12. Likewise, here, the commission's decision to proceed, while the appeal of other disallowed claims was pending in the common pleas court, was essential to the ultimate determination that denied relator's participation in the workers' compensation system for the disc herniation at T12-L1.

*Black,* at ¶ 4-8.

{¶ 31} Here, as in *Johnson,* the commission exercised its continuing jurisdiction, vacated the order of the SHO, concluded that the SHO's order contained a clear mistake of fact, and granted claimant the right to participate in the workers' compensation system finding that the commission's decision was essential to the ultimate determination that granted claimant the right to participate in the workers' compensation system, the magistrate finds that the commission's decision to exercise its

continuing jurisdiction is appealable to the court of common pleas pursuant to R.C. 4123.512.

{¶ 32} Based on the foregoing, it is this magistrate's decision that claimant has demonstrated that relator has an adequate remedy at law by way of an appeal to the common pleas court under R.C. 4123.512 and this court should grant claimant's motion to dismiss.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).