[Cite as *State ex rel. Custom Staffing, Inc. v. Indus. Comm.*, 2016-Ohio-5943.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Custom Staffing, Inc., | : | |
| | : | |
| Relator, | | No. 15AP-830 |
| | : | |
| v. | | (REGULAR CALENDAR) |
| | : | |
| Industrial Commission of Ohio<br>and Coy A. Seibert, | : | |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on September 22, 2016

**On brief:** *Rumer & Maisch Co., LLC,* and *Andrea M. Brown,* for relator.

**On brief:** *Michael DeWine*, Attorney General, and *Patsy A. Thomas,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

BROWN, J.

{¶ 1}  Relator, Custom Staffing, Inc., has filed an original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order in which the commission exercised its continuing jurisdiction and allowed the claim of respondent, Coy A. Seibert, and to enter a new order denying said claim.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate.  On April 27, 2016, the magistrate issued the appended decision, including findings of fact and conclusions of law,

recommending that this court deny relator's request for a writ of mandamus because relator has a plain and adequate remedy at law. No objections have been filed to that decision.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, relator's request for a writ of mandamus is denied.

*Writ of mandamus denied.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.

_____

[Cite as *State ex rel. Custom Staffing, Inc. v. Indus. Comm.*, 2016-Ohio-5943.]

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Custom Staffing, Inc., | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | | No. 15AP-830 |
| | : | |
| Industrial Commission of Ohio and Coy A. Seibert, | | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 27, 2016

*Rumer & Maisch Co., LLC,* and *Andrea M. Brown,* for relator.

*Michael DeWine*, Attorney General, and *Patsy A. Thomas,* for respondent Industrial Commission of Ohio.

### IN MANDAMUS

{¶ 4} Relator, Custom Staffing, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order wherein, after exercising its continuing jurisdiction, the commission allowed the claim of Coy A. Seibert, and ordering the commission to deny Seibert's claim.

Findings of Fact:

{¶ 5}    1. Seibert alleged that he sustained a work-related injury on September 10, 2014.

{¶ 6}    2. On September 17, 2014, Seibert filed an application for workers' compensation benefits.

{¶ 7}    3. In an order mailed October 15, 2014, the Ohio Bureau of Workers' Compensation ("BWC") allowed Seibert's claim for:  "sub agg pre-ex lumbar sprain."  In that order, the BWC indicated that Seibert's request that lumbar disc bulge/herniation was neither allowed nor disallowed because Seibert had not provided sufficient medical documentation to support the allowance of that condition.  The order also provided that medical benefits would be paid in accordance with the BWC rules and guidelines, that the BWC would consider compensation benefits based on medical evidence of continued disability and/or wage information, and that Seibert may be eligible for rehabilitation services.

{¶ 8}    The order included the standard language notifying the parties that each had 14 days from the receipt of the order to file a written appeal.

{¶ 9}    4. On October 22, 2014, Seibert filed an objection (appeal) to the October 15, 2014 BWC order noting the following reason:  "I have been gaining [sic] to [F]oster chiropractic for several weeks. I have not had any relief in pain. I am set up to see a surgeon on 10/30/2014."  Seibert indicated:  "Notice of this objection was given to employer's representative or employer by phone call on 10/22/2014."

{¶ 10} 5. The next day, October 23, 2014, the BWC issued another order stating that it was replacing the October 15, 2014 BWC order.  Specifically, the following reason was given:

> This order replaces the BWC order dated 10-15-2014, which has been vacated for the following reason: The type of compensation identified on the previous order is being modified.
>
> The decision to vacate the previous order is based on: The previous order did not address wages or compensation.

{¶ 11} Pursuant to this new order, Seibert's claim remained allowed for "sub agg pre-ex lumbar sprain" and further awarded temporary total disability ("TTD")

compensation beginning September 11, 2014, indicated he may be eligible for rehabilitation services, and determined his full weekly wage ("FWW") and average weekly wage ("AWW").

{¶ 12} This order also provided notice to the parties of the 14-day period in which to file an objection.

{¶ 13} 6. On November 6, 2014, relator filed an appeal from the October 23, 2014 order challenging the allowance of Seibert's claim. Relator's appeal did not mention the award of compensation.

{¶ 14} 7. Both appeals were heard before a district hearing officer ("DHO") on December 4, 2014. As a preliminary matter, the DHO construed relator's appeal timely, stating:

> As a preliminary issue, this District Hearing Officer vacates the order of the Administrator issued 10/23/2014. The Bureau of Workers' Compensation did not have appropriate jurisdiction to issue its 10/23/2014 order vacating its previous order issued 10/15/2014 as that order had been appealed by the Injured Worker on 10/22/2014. Although this District Hearing Officer acknowledges that the Employer did not appeal the initial 10/15/2014 order, this District Hearing Officer construes the Employer's 11/06/2014 appeal as a timely filed appeal as the Employer was under the impression that the 10/23/2014 administrative order had been properly issued.

Thereafter, the DHO denied Seibert's claim in its entirety.

{¶ 15} 8. On December 23, 2014, Seibert appealed the December 4, 2014 DHO order arguing: "The Industrial Commission has no jurisdiction to issue a DHO order in this claim."

{¶ 16} 9. Seibert's appeal was heard before a staff hearing officer ("SHO") on January 21, 2015. First, the SHO determined that, because Seibert had filed an appeal from the October 15, 2014 order, the BWC did not have jurisdiction to vacate that order and issue a new order on October 23, 2014. Thereafter, the SHO determined that, although relator did not timely appeal the October 15, 2014 BWC order, relator did timely appeal the October 23, 2014 order which relator believed to be a valid order based on relator's argument that it lacked notice of Seibert's appeal. Specifically, the SHO order provides:

Based upon the Claimant filing an appeal, to the order issued 10/15/2014, on 10/22/2014, the Bureau of Workers' Compensation had no jurisdiction to issue its order of 10/23/2014 vacating the order of 10/15/2014 and the order issued 10/15/2014 remained in full force and effect.

This raises the question of jurisdiction for the Industrial Commission to address the matter of claim allowance as the Employer did not file an appeal to the Bureau order of 10/15/2014 which allowed the claim. The Employer filed an appeal on 11/06/2014 to the Bureau order of 10/23/2014. This appeal was filed 22 days after the Bureau issued the allowance order of 10/15/2014, beyond the statutory appeal period. The Employer argued that they were unaware of the Claimant's appeal and could have appealed the first Bureau order through 10/31/2014, but did not do so due to the "new" order issued 10/23/2014, which was appealed within the statutory timeframe for that order on 11/06/2014.

The Employer did not appeal the 10/15/2014 order, but did timely appeal the "new" order of 11/23/2014 [sic], which it believed to be a valid order based upon their lack of notice of the Claimant's appeal. As such, this Staff Hearing Officer finds any mistake of fact such that the Industrial Commission should assume jurisdiction over the matter and invokes the authority of continuing jurisdiction pursuant to R.C. 4123.52 and case law of *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, and *State ex rel. Foster v. Indus. Comm.* (1999), 85 Ohio St.3d 320.

Thereafter, the SHO disallowed Seibert's claim in its entirety.

{¶ 17} 10. Seibert's appeal was refused by order of the commission mailed February 12, 2015.

{¶ 18} 11. Seibert filed a request for reconsideration and, in an interlocutory order mailed April 2, 2015, the commission set relator's request for reconsideration for hearing, stating:

It is the finding of the Industrial Commission the Injured Worker has presented evidence of sufficient probative value to warrant adjudication of the Request for Reconsideration regarding the alleged presence of a clear mistake of law of such character remedial action would clearly follow.

Specifically, it is alleged the Staff Hearing Officer, in his order [mailed] 01/24/2015, did not have jurisdiction to address the merits of the allowance of claim issue, because

the Injured Worker had withdrawn his appeal, filed 10/22/2014, from the order of the Administrator, issued 10/15/2014, which had found the claim compensable and from which no other party had filed an appeal.

The order issued 02/12/2015 [refusing Seibert's appeal] is vacated, set aside and held for naught.

Based on these findings, the Industrial Commission directs the Injured Worker's Request for Reconsideration, filed 02/27/2015, is to be set for hearing to determine whether the alleged mistake of law as noted herein is sufficient for the Industrial Commission to invoke its continuing jurisdiction.

{¶ 19} 12. The matter was heard before the commission on April 21, 2015. The commission granted Seibert's request for reconsideration, vacated the SHO order which followed the January 21, 2015 hearing and found that the BWC did not have jurisdiction to vacate the October 15, 2014 order following Seibert's timely appeal, stating:

The Commission finds the Administrator did not have jurisdiction to issue its order of 10/23/2014, vacating the order of 10/15/2014. The Commission finds the Injured Worker filed a timely appeal to the 10/15/2014 order on 10/22/2014, and as such, the Administrator did not have continuing jurisdiction to vacate its 10/15/2014 order.

The Commission further finds the Employer did not file an Appeal to the Administrator's order of 10/15/2014, and when the Injured Worker withdrew his Appeal to the 10/15/2014 order at the 12/04/2014 District Hearing Officer hearing, the Industrial Commission no longer had jurisdiction over the 10/15/2014 order to adjudicate the issue of the allowance of the claim.

Accordingly, the Commission finds the Administrator's order, dated 10/15/2014, remains in full force and effect.

{¶ 20} 13. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 21} Because relator has or had a plain and adequate remedy at law by way of an appeal under R.C. 4123.512, it is the magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 22} This action is controlled by *State ex rel. Alhamarshah v. Indus. Comm.,* 142 Ohio St.3d 524, 2015-Ohio-1357.

{¶ 23} In *Alhamarshah,* the claimant filed an application for workers' compensation benefits, and the Bureau of Workers' Compensation allowed the claim. The employer then faxed some documents to the bureau, which a bureau employee construed as a notice of appeal. The commission accepted the appeal, and a hearing officer disallowed the claim. The claimant then filed a complaint for a writ of mandamus in the court of appeals, asserting that the commission abused its discretion by determining that the faxed documents amounted to a notice of appeal.

{¶ 24} The commission's determination that the faxed documents complied with the statutory requirements for a notice of appeal was a decision which "conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal." *Id.* As the "commission's exercise of jurisdiction resulted in a decision denying the claimant's right to participate in the workers' compensation system," the Supreme Court held that the "decision allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system." *Id.* As such, the court found that "the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512," and the claimant thus "had an adequate remedy in the ordinary course of law by way of an appeal under R.C. 4123.512." *Id.* at ¶ 12-13.

{¶ 25} Here, although relator does not discuss the *Alhamarshah* case in either its brief or reply brief, it is clear that relator has or had a plain and adequate remedy at law that bars relief in mandamus. Relator's right to appeal to the common pleas court pursuant to R.C. 4123.512 is a plain and adequate remedy at law requiring denial of the requested writ.

{¶ 26} Relator also asserts that its due process rights have been violated. In proceedings before the commission, procedural due process includes: (1) the right to a reasonable notice of hearing, and (2) the right to a reasonable opportunity to be heard. *State ex rel. Steinbrunner v. Indus. Comm.*, 10th Dist. No. 05AP-626, 2006-Ohio-3444. The right to a reasonable opportunity to be heard includes reasonable notice of the time, date, location, and subject matter of the hearing. *Id.* at ¶ 16.

{¶ 27} Relator asserts that it was reasonable to believe that the October 23, 2014 order was valid and timely filed. Based on that reliance, relator asserts that its November 6, 2014 appeal must be accepted as timely.

{¶ 28} While the magistrate can appreciate relator's argument following *Alhamarshah,* it cannot be said that the commission's ultimate decision was not essential to the ultimate determination that granted Seibert's participation in the workers' compensation system. Although relator has effectively been denied the opportunity to challenge the allowance of Seibert's claim before the commission, relator can appeal the allowance of the claim to the common pleas court. At that time, Seibert must prove anew that he is entitled to participate in the workers' compensation system for the conditions which he alleges he has as a result of a work-related injury. Relator still has an adequate remedy in the ordinary course of law.

{¶ 29} Based on the foregoing, it is the magistrate's decision that, because relator has a plain and adequate remedy at law, this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

[Cite as *State ex rel. Custom Staffing, Inc. v. Indus. Comm.*, 2016-Ohio-5943.]