THE STATE, EX REL. CONSOLIDATION COAL COMPANY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Consolidation Coal Co., *v.* Indus. Comm. (1985), 18 Ohio St. 3d 281.]

(No. 84-1201—Decided July 24, 1985.)

*Hanlon, Duff & Paleudis* and *John G. Paleudis,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Douglas M. Kennedy,* for appellee Industrial Commission.

*Larrimer & Larrimer* and *Craig Aalyson,* for appellee Paul Bobak.

*Per Curiam.* The initial question presented for review centers upon the commission's jurisdiction under R.C. 4123.52, and whether appellant possessed a right of appeal pursuant to R.C. 4123.519 from the commission's decision to retain jurisdiction over the claim, the existence of which would necessarily preclude the issuance of a writ of mandamus.

R.C. 4123.52 provides, in part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 * * * or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 * * * except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 * * * then ten years from the date of the last payment of compensation or from the date of death * * *. *This section does not affect the right of a clai-*

*mant to compensation occurring subsequent to the filing of any such application, provided such application is filed within the applicable time limit as provided in this section."* (Emphasis added.)

That portion of R.C. 4123.52 set forth above imposes two critical limitation periods. If a claimant has, since the date of the injury, received temporary, partial or permanent total disability compensation under R.C. 4123.56, 4123.57 or 4123.58, respectively, or has received wages in lieu of compensation pursuant to R.C. 4123.84, then the commission may consider an application for additional compensation as long as the application is submitted within ten years of the last payment of such compensation. The parties concede that Bobak did not receive any of the aforementioned compensation within ten years of the date of the injury which occurred on July 28, 1972. The failure to obtain such compensation, however, did not preclude the commission from considering Bobak's application under R.C. 4123.52, if it could be determined that an application for compensation was submitted within six years of the date of the injury.

On August 8, 1983, the commission determined that Bobak's June 11, 1978 letter constituted an application for compensation and, therefore, R.C. 4123.52 did not operate to bar the claimant from seeking additional workers' compensation benefits. It is from this determination that appellant initiated the within original action in the court of appeals. As cogently recognized by the court below, a determination that a claim is, or is not, barred by R.C. 4123.52 constitutes a decision as to a claimant's right to participate in the State Insurance Fund and, consequently, is appealable pursuant to R.C. 4123.519. *Valentino* v. *Keller* (1967), 9 Ohio St. 2d 173 [38 O.O.2d 412].

The issue presented in *Valentino* concerned the ten-year limitation period prescribed under R.C. 4123.52, and whether the claimant had received medical treatment within ten years from the date of the industrial injury so as to vest the commission with jurisdiction to reinstate his claim.[1] The claimant's application was denied by both the Administrator and the Canton Regional Board of Review. Thereafter, an appeal was taken to the Court of Common Pleas of Mahoning County pursuant to R.C. 4123.519. At trial, the court sustained a motion by the employer to the effect that the commission's order was a decision as to the extent of disability and, hence, not appealable under R.C. 4123.519. On appeal, the court of appeals reversed the judgment of the trial court, and after further review this court affirmed the court of appeals, stating:

"The right of appeal is set forth in Section 4123.519, Revised Code, as follows:

" 'The claimant * * * [or the employer] may appeal a decision of the

---

[1] Effective December 11, 1967, R.C. 4123.52 was amended so as to provide that the receipt of medical benefits, as distinguished from compensation, did not operate to toll the statute of limitations. See 132 Ohio Laws, Part I, 1405.

Industrial Commission *in any injury case, other than a decision as to the extent of disability,* to the Court of Common Pleas of the county in which the injury was inflicted * * *.' (Emphasis added.)

"The question of whether Valentino is entitled to have his claim reinstated turns upon a determination of the date upon which he last received treatment from the company doctor.

"That is not a decision as to the extent of disability. Therefore, under the above statutory language [R.C. 4123.519], Valentino is entitled to an appeal from the decision of the Industrial Commission to the Court of Common Pleas [to test the commission's jurisdiction under R.C. 4123.52].
"* * *

"In this case the decision upon appeal would be that Valentino has a right or does not have a right 'to continue to participate in the fund.'

"This question is a jurisdictional one [and is therefore appealable pursuant to R.C. 4123.519].
"* * *

"The Industrial Commission has the power, upon a motion for reinstatement of the claim, to determine whether ten years has elapsed since the last compensation or benefits were received by the claimant. Its determination of that question adversely to the applicant is jurisdictional and, thus, entitles him to appeal to the Common Pleas Court." *Id.* at 175-176.

The distinctions between the case at bar and *Valentino* are minimal, the primary difference being that the instant case involves a determination of whether the six-year limitation under R.C. 4123.52 had expired, while in *Valentino* the focus was on the ten-year limitation contained in the statute. In each case, however, the commission's determination was strictly jurisdictional and therefore appealable, and not a determination pertaining to the extent of disability which is clearly not appealable under R.C. 4123.519. Accord *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503]; *State, ex rel. Bosch,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 94; *State, ex rel. Roope,* v. *Indus. Comm.* (1982), 2 Ohio St. 3d 97.

It is well-settled that the writ of mandamus will not issue where the party seeking the writ "has or had available a clear, plain and adequate remedy in the ordinary course of the law." *State, ex rel. Sibarco Corp.,* v. *Berea* (1966), 7 Ohio St. 2d 85, 88 [36 O.O.2d 75]; *State, ex rel. Bargar,* v. *Ross* (1978), 53 Ohio St. 2d 18, 19 [7 O.O.3d 62]. As was stated in *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141], paragraph three of the syllabus, "[w]hen a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ." Of equal significance is this court's prior recognition that an appeal pursuant

to R.C. 4123.519 is an adequate remedy in the ordinary course of the law requiring denial of a request for a writ of mandamus. *State, ex rel. Inland Division,* v. *Adams* (1982), 1 Ohio St. 3d 44.

Accordingly, since the jurisdictional determination by the commission, of whether the claimant's personal correspondence was functionally equivalent to an application for compensation filed within the six-year limitation period of R.C. 4123.52, was appealable pursuant to R.C. 4123.519, the court of appeals properly denied the writ.

For all of the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.