[Cite as *State ex rel. Cunningham v. Indus. Comm.*, 2015-Ohio-5078.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Vanessa Cunningham, | : | |
| Relator, | : | |
| v. | : | No. 14AP-895 |
| Industrial Commission of Ohio and City of Cleveland, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on December 8, 2015

*Duane E. Cox,* for relator.

*Michael DeWine*, Attorney General, and *Patsy A. Thomas,* for respondent Industrial Commission of Ohio.

*Barbara A. Langhenry, Jonathan P. Barra,* and *Joseph F. Scott,* for respondent City of Cleveland.

IN MANDAMUS

HORTON, J.

{¶ 1}  Relator, Vanessa Cunningham, has filed this original action seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate the September 6, 2013 order of its Staff Hearing Officer ("SHO") determining that the administrative appeal of respondent, City of Cleveland, from an order of the Ohio Bureau of Workers' Compensation ("bureau") was timely filed, and to enter an order finding that the city's appeal was not timely filed.

{¶ 2}  This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued a decision, which includes findings of fact and conclusions of law and is appended to this decision.

The magistrate recommended that we deny the requested writ of mandamus, as relator has an adequate remedy at law by way of an appeal to the common pleas court. Indeed, because the SHO's determination on the timeliness of the city's appeal allowed the commission to proceed to the merits of relator's application for workers' compensation benefits, and to ultimately deny that application, this court lacks jurisdiction over this mandamus action pursuant to R.C. 4123.512 and *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357.

{¶ 3}   No objections to the magistrate's decision have been filed.

{¶ 4}   Finding no error of law or other defect on the face of the magistrate's decision, and following our own independent review, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we deny the requested writ of mandamus.

*Writ of mandamus denied.*

SADLER and LUPER SCHUSTER, JJ., concur.

—————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Vanessa Cunningham, | : | |
| Relator, | : | |
| v. | : | No. 14AP-895 |
| Industrial Commission of Ohio and City of Cleveland, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on August 28, 2015

*Duane E. Cox,* for relator.

*Michael DeWine*, Attorney General, and *Patsy A. Thomas,* for respondent Industrial Commission of Ohio.

*Barbara A. Langhenry, Jonathan P. Barra,* and *Joseph F. Scott,* for respondent City of Cleveland.

### IN MANDAMUS

{¶ 5} In this original action, relator, Vanessa Cunningham, requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate the September 6, 2013 order of its staff hearing officer ("SHO") that determined that the administrative appeal of respondent, City of Cleveland ("employer" or "city"), from a May 23, 2013 order of the Ohio Bureau of Workers' Compensation ("bureau") was timely filed, and to enter an order finding that the city's appeal was not timely filed such that the bureau's order allowing the claim becomes a final order allowing the claim. Findings of Fact:

{¶ 6}   1. On April 26, 2013, relator filed an application for workers' compensation benefits.  On the application, relator claimed that she was injured on April 24, 2013 in the course of and arising out of her employment with the city.

{¶ 7}   2. On May 23, 2013, the bureau mailed an order allowing the claim (No. 13-318890) and awarding temporary total disability ("TTD") compensation.  The bureau order further stated:

> If the injured worker or the employer disagrees with this decision, either may file an appeal within 14 days of receipt of this order.
>
> * * *
>
> THIS DECISION BECOMES FINAL IF A WRITTEN APPEAL IS NOT RECEIVED WITHIN 14 DAYS OF RECEIVING THIS NOTICE.

(Emphasis sic.)

{¶ 8}   3. On June 11, 2013, the city filed an online appeal of the May 23, 2013 bureau order.  On the online appeal, the city stated that it received the bureau order on May 28, 2013.

{¶ 9}   4. Following a July 30, 2013 hearing, a district hearing officer ("DHO") issued an order finding that the city's appeal of the bureau order was untimely filed.

{¶ 10}  5. The city administratively appealed the DHO's order of July 30, 2013.

{¶ 11}  6. Following a September 6, 2013 hearing, an SHO issued an order that vacates the DHO's order of July 30, 2013.  The SHO determined that the city's administrative appeal of the bureau's order was timely filed.  The SHO ordered:  "The claim is to be set before a District Hearing Officer on the merits of the claim application."

{¶ 12}  7. Relator sought to administratively appeal the September 6, 2013 order of the SHO to the three-member commission.  On or about September 30, 2013, an SHO mailed an order refusing relator's administrative appeal from the SHO's order of September 6, 2013.

{¶ 13}  8. Following the September 30, 2013 order of the SHO refusing the administrative appeal to the three-member commission, relator filed a notice of appeal in

the Cuyahoga County Court of Common Pleas ("common pleas court") pursuant to R.C. 4123.512. The notice of appeal references the September 30, 2013 order.

{¶ 14} 9. On January 15, 2014, relator filed his complaint in the common pleas court action. The common pleas court complaint indicates that the object of relator's appeal is the September 6, 2013 order of the SHO that determined that the city's administrative appeal of the May 23, 2013 bureau order was timely filed. According to paragraph seven of the common pleas court complaint, the September 30, 2013 refusal order of the SHO is a "final appealable order denying Plaintiff-Appellant['s] claim [to] her right to participate in the State Insurance fund."

{¶ 15} 10. Earlier, pursuant to the SHO's order of September 6, 2013, a DHO heard the merits of relator's industrial claim on October 7, 2013.

{¶ 16} 11. Following the October 7, 2013 hearing, the DHO issued an order denying or disallowing the industrial claim "in its entirety."

{¶ 17} 12. Relator administratively appealed the DHO's order of October 7, 2013.

{¶ 18} 13. Following a November 14, 2013 hearing, an SHO issued an order stating that the DHO's order of October 7, 2013 "is modified." Ultimately, the SHO's order of November 14, 2013 denied or disallowed the industrial claim "in its entirety."

{¶ 19} 14. On December 6, 2013, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of November 14, 2013.

{¶ 20} 15. In February 2014, relator filed another notice of appeal in the common pleas court. The notice of appeal references the December 6, 2013 order.

{¶ 21} 16. Following her second notice of appeal, relator filed her complaint in the common pleas court. This second common pleas court complaint indicates that the object of relator's appeal is the November 14, 2013 order of the SHO that denies or disallows the industrial claim "in its entirety."

{¶ 22} 17. In March 2014, the common pleas court "dismissed without prejudice for failure to prosecute" the first action filed by relator in the common pleas court.

{¶ 23} 18. On October 31, 2014, relator, Vanessa Cunningham, filed this mandamus action.

{¶ 24} 19. On November 18, 2014, upon relator's motion, the common pleas court stayed the second action pending the instant mandamus action.

Conclusions of Law:

{¶ 25} Because relator has or had a plain and adequate remedy at law by way of an appeal to the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.512, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

{¶ 26} This action is controlled by *State ex rel. Alhamarshah v. Indus. Comm.,* 142 Ohio St.3d 524, 2015-Ohio-1357, a case that is very similar to the instant action. Accordingly, a review of that case is in order.

{¶ 27} In September 2009, Mustafa Alhamarshah was injured when he fell while trying to cut a tree branch. In December, he filed an application for workers' compensation benefits alleging that his injury had occurred while he was employed as a laborer for Mohamed Salem, d.b.a. Ballmohd, L.L.C.

{¶ 28} On January 7, 2010, the bureau allowed the claim against Salem as the employer and ordered payment of medical benefits and TTD compensation. The order informed the parties that the decision would become final unless a written appeal was received within 14 days. The order further advised the parties to contact "Jolene M" at the bureau's Columbus service office with any questions. *Id.* at ¶ 4.

{¶ 29} Salem asked a friend, Abdul Alnobani, to telephone Jolene to ask about filing an appeal. Both Salem and Alnobani spoke with Jolene on a three-way call and she told them how to proceed. Alnobani then faxed some documents to "Jolin" that allegedly disprove any employer-employee relationship. *Id.* at ¶ 5. The cover page to the faxed documents identified the subject as "Mustafa Alhamarshah-Mohammad Salem," but it did not include a claim number or the date of the order being appealed. *Id.* Upon receipt, the words "construe as appeal" were hand-written on the cover page, apparently by a bureau employee, and the documents were forwarded to the appeals section of the commission. *Id.*

{¶ 30} Ultimately, the commission concluded that Salem's appeal substantially complied with the requirements of R.C. 4123.511(F) for an administrative notice of appeal and that there was no evidence that Alhamarshah had been prejudiced by any omission in the notice of appeal. The commission accordingly accepted the appeal as valid and referred the matter to a DHO for consideration of the merits of the initial application.

{¶ 31} The hearing officer disallowed the claim on the merits, finding that Alhamarshah was not an employee of Salem, and the commission affirmed that order. Alhamarshah appealed to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512. About a month later, he filed in this court a complaint for a writ of mandamus alleging that the commission's order determining that Salem's administrative appeal was valid, was an abuse of discretion, and contrary to law.

{¶ 32} A magistrate of this court determined that the mandamus action was premature in light of the case pending in common pleas court and that the writ should be denied on that basis. By the time this court considered Alhamarshah's objections, he had dismissed his case in the common pleas court without prejudice subject to refiling within one year.

{¶ 33} This court proceeded to consider the merits of the mandamus action and concluded that the commission did not abuse its discretion when it allowed Salem's appeal from the bureau's initial decision in Alhamarshah's favor to proceed. This court denied the writ.

{¶ 34} Alhamarshah appealed as of right to the Supreme Court of Ohio.

{¶ 35} In affirming this court's decision, but on grounds other than those stated by this court, the Supreme Court of Ohio explained:

> The lack of an adequate remedy in the ordinary course of the law is a necessary prerequisite for relief in mandamus. *State ex rel. Consolidation Coal Co. v. Indus. Comm.,* 18 Ohio St.3d 281, 284, 480 N.E.2d 807 (1985), citing *State ex rel. Sibarco Corp. v. Berea,* 7 Ohio St.2d 85, 88, 218 N.E.2d 428 (1966). When the relator has a plain and adequate remedy at law by way of appeal, courts lack authority to exercise jurisdictional discretion and must deny the writ, regardless of whether the relator used the remedy. *Id.*; *State ex rel. Davet v. Sutula,* 8th Dist. Cuyahoga No. 96548, 2011-Ohio-2803, 2011 WL 2409641, ¶ 10. This is a threshold question that we must consider even when the court of appeals has not addressed the issue. *State ex rel. Woodbury v. Spitler,* 40 Ohio St.2d 1, 3, 318 N.E.2d 165 (1974).
>
> In this case, the commission decided that the documentation submitted on behalf of the purported employer substantially complied with the statutory requirements for a notice of an appeal of the bureau's initial order. This decision conferred jurisdiction on the commission to proceed to consider the

merits of the purported employer's appeal. The commission's exercise of jurisdiction resulted in a decision denying the claimant's right to participate in the workers' compensation system. Consequently, the decision allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system. As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512. See *Consolidation Coal Co.* at 284–285, 480 N.E.2d 807.

Alhamarshah had an adequate remedy in the ordinary course of law by way of an appeal under R.C. 4123.512 regarding the issue he raises in this case, and therefore he is not entitled to relief in mandamus. Accordingly, on grounds other than those stated by the court below, we affirm.

*Id.* ¶ 11-13.

{¶ 36} Here, it is equally clear that relator has or had a plain and adequate remedy at law that bars relief in mandamus. Relator's right to appeal to the common pleas court pursuant to R.C. 4123.512 is a plain and adequate remedy at law requiring denial of the requested writ.

{¶ 37} Clearly, the issue initially briefed by the parties to this action, i.e., whether the commission abused its discretion in determining that the city's appeal from the May 23, 2013 bureau order was timely filed, is not an issue over which this court has jurisdiction in mandamus to adjudicate.

{¶ 38} Holding that the city's administrative appeal was timely filed allowed the commission to proceed to the merits of relator's application for workers' compensation benefits. Thus, the commission's decision to accept the city's appeal as timely filed is appealable pursuant to R.C. 4123.512 under the authority of the *Alhamarshah* case. *See State ex rel. Johnson v. OSU Cancer Research Hosp.,* 10th Dist. No. 14AP-430, 2015-Ohio-3249.

{¶ 39} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

/S/ MAGISTRATE                                          
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).