[Cite as *Alhamarshah v. Salem*, 2016-Ohio-7668.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mustafa Alhamarshah, | : | |
| Plaintiff-Appellant, | : | No. 15AP-1087 |
| | | (C.P.C. No. 14CV-657) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mohamed Salem et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on November 8, 2016

**On brief:** *Malek & Malek*, and *Douglas C. Malek*, for appellant. **Argued:** *Douglas C. Malek.*

**On brief:** *Michael DeWine,* Attorney General, and *John R. Smart*, for appellee Ohio Bureau of Workers' Compensation. **Argued:** *John R. Smart.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Mustafa Alhamarshah, appeals from a judgment entry of the Franklin County Court of Common Pleas entering judgment, pursuant to jury verdict, in favor of defendants-appellees Mohamed Salem, d.b.a. Ballmohd, LLC, and Stephen Buehrer, Administrator, Bureau of Workers' Compensation on Alhamarshah's claim of his right to participate in the benefits of the Ohio Workers' Compensation Fund. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On September 21, 2009, Alhamarshah was working on property owned by Salem when he fell from a roof while trying to cut a tree branch and was paralyzed below the waist. As a result of those injuries, Alhamarshah filed an application for workers'

compensation benefits with the Ohio Bureau of Workers' Compensation ("BWC"), alleging the injuries occurred when he was employed by Salem. BWC issued an order on January 7, 2010 allowing the claim against Salem and ordering the payment of medical benefits and temporary total disability compensation ("TTD"). The order stated the decision would become final unless BWC received a written appeal within 14 days. Further, the order advised the parties to contact "Jolene M" at BWC's Columbus service office with any questions.

{¶ 3} Salem asked a friend to call Jolene at BWC to ask her about filing an appeal. Jolene spoke to Salem and his friend in a three-way telephone call and told them how to proceed with an appeal. After the phone call, Salem's friend faxed some documents to "Jolin" at BWC in an attempt to disprove an employer-employee relationship between Salem and Alhamarshah. The fax had a cover page that identified the subject as "Mustafa Alhamarshah—Mohammad Salem," but the cover page did not include the claim number or the date of the order. (Pl.'s Ex. A at 3.) When BWC received the faxed documents, someone from BWC handwrote on the cover page "construe as appeal," and BWC forwarded the documents to the Industrial Commission of Ohio ("commission"). (Pl.'s Ex. A at 3.)

{¶ 4} Following a hearing, on November 10, 2010, a district hearing officer ("DHO") issued an order finding Salem did not file an appeal from the January 7, 2010 order, and, thus, the commission did not have jurisdiction to consider the merits of the appeal. Salem filed an administrative appeal of the DHO's November 10, 2010 order, and, following another hearing, a staff hearing officer ("SHO") agreed with the DHO and found Salem failed to file a legally sufficient appeal from the January 7, 2010 order. Salem then filed an administrative appeal from the SHO's order. On March 22, 2011, after a hearing, the commission issued an order vacating the SHO's February 1, 2011 order and found Salem had substantially complied with R.C. 4123.511(F) and his appeal was therefore valid. The commission referred the matter back to a DHO for consideration of the merits of Alhamarshah's initial claim.

{¶ 5} On remand, the DHO, in a September 19, 2011 order, disallowed Alhamarshah's claim on the merits, concluding Alhamarshah was not an employee of Salem at the time of the injury. Alhamarshah filed an administrative appeal, and the SHO

affirmed the DHO's order in a January 12, 2012 order. Alhamarshah then administratively appealed the SHO's January 12, 2012 order to the commission, which ultimately affirmed the SHO's order in a February 3, 2012 order.

{¶ 6} On February 9, 2012, Alhamarshah filed an appeal and accompanying petition in the common pleas court pursuant to R.C. 4123.512 seeking a judgment that he is allowed to participate in the Ohio Workers' Compensation Fund. Approximately one month later, on March 14, 2012, Alhamarshah filed a petition for a writ of mandamus with this court to compel the commission to vacate its February 1, 2011 order finding Salem filed a valid appeal challenging payment of medical benefits and TTD to Alhamarshah. While his mandamus action was pending in this court, Alhamarshah voluntarily dismissed his R.C. 4123.512 appeal in the common pleas court.

{¶ 7} On June 27, 2013, this court denied Alhamarshah's request for a writ of mandamus, concluding the commission did not abuse its discretion in concluding that Salem had substantially complied with the statutory requirements for a valid administrative appeal. *State ex rel. Alhamarshah v. Indus. Comm.*, 10th Dist. No. 12AP-220, 2013-Ohio-2737 ("*Alhamarshah I*"). Alhamarshah subsequently appealed that decision to the Supreme Court of Ohio on August 2, 2013.

{¶ 8} On January 21, 2014, while his appeal to the Supreme Court was pending, and within the one-year savings statute, Alhamarshah refiled his R.C. 4123.512 appeal in the common pleas court. Subsequently, on April 9, 2015, the Supreme Court affirmed this court's denial of Alhamarshah's requested writ on mandamus but on different grounds, concluding the commission's "decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512," and, therefore, mandamus was inappropriate as Alhamarshah had an adequate remedy at law by way of an appeal to the common pleas court under R.C. 4123.512. *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, ¶ 12-13 ("*Alhamarshah II*").

{¶ 9} A jury trial on Alhamarshah's right to participate claim commenced on October 26, 2015. On the first day of trial, before opening statements, Alhamarshah moved for a directed verdict pursuant to Civ.R. 50(A), arguing that Salem did not properly appeal to the commission BWC's order granting Alhamarshah TTD benefits. Alhamarshah further argued the Supreme Court's decision in *Alhamarshah II* held the

question of whether the commission properly exercised its continuing jurisdiction to allow Salem's administrative appeal was appropriate grounds for an R.C. 4123.512 appeal in the common pleas court.

{¶ 10} Counsel for Alhamarshah explained the procedural history of the case and stated, given the timing of the Supreme Court's decision in *Alhamarshah II*, that he "really [does not] know how it would be addressed procedurally other than for a motion for a directed verdict." (Oct. 26, 2015 Tr. at 5.) BWC responded that the only question properly before the common pleas court was Alhamarshah's right to participate in the Ohio Workers' Compensation Fund. The common pleas court denied Alhamarshah's motion for a directed verdict, stating Alhamarshah had already properly invoked the common pleas court's jurisdiction, and the issue they were there to determine was whether a claimant can participate in the workers' compensation system. Thus, the common pleas court stated it did not need to reach the merits of whether Salem's initial appeal to the commission substantially complied with statutory requirements. The matter then proceeded to trial solely on the issue of Alhamarshah's right to participate.

{¶ 11} At the conclusion of the trial, the jury returned a verdict in favor of Salem and BWC, finding Alhamarshah was not an employee at the time he sustained his injuries and, thus, did not have the right to participate in the workers' compensation system. The common pleas court journalized the jury's verdict in a November 3, 2015 judgment entry. Alhamarshah timely appeals.

## II. Assignment of Error

{¶ 12} Alhamarshah assigns the following error for our review:

> The trial court erred on October 26, 2015, to the prejudice of Plaintiff-Appellant, Mustafa Alhamarshah ("Alhamarshah"), when it denied his Civ.R. 50(A) Motion for a Directed Verdict.

## III. Analysis – Motion for a Directed Verdict

{¶ 13} In his sole assignment of error, Alhamarshah argues the common pleas court erred when it denied his motion for a directed verdict with regard to whether Salem substantially complied with the statutory requirements for an administrative appeal.

{¶ 14} When a court considers a motion for a directed verdict, the court must construe the evidence most strongly in favor of the party against whom the motion is

directed. Civ.R. 50(A). "A motion for a directed verdict raises questions of law, not factual issues, because it tests whether the evidence is legally sufficient to allow the case to be presented to the jury for deliberation." *Reeves v. Healy*, 192 Ohio App.3d 769, 2011-Ohio-1487, ¶ 37 (10th Dist.), citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 679-80 (1998).

### A. Timing of the Motion

{¶ 15} Initially, appellees argue Alhamarshah did not properly make his motion for a directed verdict within the parameters of Civ.R. 50(A). Pursuant to the rule, "[a] motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence." Civ.R. 50(A)(1). Alhamarshah made his motion for a directed verdict prior to either party's opening statement. Thus, appellees construe the language of Civ.R. 50(A)(1) to render Alhamarshah's motion for a directed verdict premature and thus improperly made. In the common pleas court, however, appellees did not object to the timing of Alhamarshah's motion. Additionally, appellees do not identify what prejudice, if any, they may have suffered from Alhamarshah making his motion too early. Therefore, we will consider the merits of Alhamarshah's motion.

### B. Merits of the Motion

{¶ 16} The crux of Alhamarshah's motion for a directed verdict is whether the common pleas court could consider, as part of his R.C. 4123.512 appeal, Alhamarshah's argument that the commission improperly concluded that Salem substantially complied with the requirements of R.C. 4123.511 in order to appeal the BWC administrator's order to the commission. Alhamarshah relies on the Supreme Court's decision in *Alhamarshah II* for the proposition that the commission's decision allowing an appeal to proceed is an issue that is appealable to the common pleas court under R.C. 4123.512. Appellees respond that *Alhamarshah II* did not operate to expand the issues that are appealable to the common pleas court under R.C. 4123.512.

{¶ 17} As relevant here, R.C. 4123.512(A) provides, "[t]he claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas." In interpreting this

provision, the Supreme Court has previously held that "[t]he only decisions reviewable pursuant to [R.C. 4123.512] are those decisions involving a claimant's right to participate or to continue to participate in the fund." *Afrates v. Lorain*, 63 Ohio St.3d 22, 26 (1992). Relying on *Afrates*, appellees argue the only appropriate consideration for a common pleas court in an R.C. 4123.512 appeal is the claimant's right to participate in the fund. Thus, because Alhamarshah had already successfully invoked the common pleas court's jurisdiction on the question of his right to participate, appellees argue the common pleas court need not and should not consider Alhamarshah's additional argument regarding the propriety of Salem's administrative appeal.

{¶ 18} Appellees narrowly construe *Alhamarshah II* and argue that decision stands only for the proposition that mandamus is inappropriate when the petitioner has an adequate remedy at law on the merits of the right to participate claim. However, appellees' argument ignores crucial language in the *Alhamarshah II* decision. In *Alhamarshah II*, the Supreme Court stated:

> In this case, the commission decided that the documentation submitted on behalf of the purported employer substantially complied with the statutory requirements for a notice of an appeal of the bureau's initial order. This decision conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal. The commission's exercise of jurisdiction resulted in a decision denying the claimant's right to participate in the worker's compensation system. Consequently, *the decision* allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the worker's compensation system. *As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512.* See *Consolidation Coal. Co.* [*v. Indus. Comm.*, 18 Ohio St.3d 281, 284-85 (1985)].
>
> *Alhamarshah had an adequate remedy at law by way of an appeal under R.C. 4123.512 regarding the issue he raises in this case*, and therefore he is not entitled to relief in mandamus. Accordingly, on grounds other than those stated by the court below, we affirm.

(Emphasis added.) *Alhamarshah II* at ¶ 12-13. Based on a the plain language of the decision, *Alhamarshah II* holds that a claimant may appeal to the common pleas court,

under R.C. 4123.512, a decision of the commission to accept as valid a potential employer's appeal of a right to participate claim. *Id.* at ¶ 12

{¶ 19} To the extent appellees argue our interpretation of *Alhamarshah II* impermissibly conflicts with the Supreme Court's prior decision in *Afrates* by expanding the types of decisions a claimant may appeal from under R.C. 4123.512, we again disagree with appellees' argument. In *Alhamarshah II*, the Supreme Court expressly cites to *Afrates*, noting "decisions determining an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable to the court of common pleas." *Alhamarshah II* at ¶ 10. In conjunction with *Afrates*, we interpret the Supreme Court's ruling in *Alhamarshah II* to hold that included among those decisions that "determine an employee's right to participate" are decisions that allow an appeal to proceed in the administrative system, as those decisions ultimately implicate the decision on a claimant's allowance or denial of his or her right to participate in the workers' compensation fund. This interpretation is consistent with other decisions of this court in construing *Alhamarshah II*. *See State ex rel. Johnson v. OSU Cancer Research Hosp.*, 10th Dist. No. 14AP-430, 2015-Ohio-3249, ¶ 10-13; *State ex rel. Cunningham v. Indus. Comm.*, 10th Dist. No. 14AP-895, 2015-Ohio-5078, ¶ 2; *State ex rel. Black v. CVS Pharmacy, Inc.*, 10th Dist. No. 15AP-120, 2015-Ohio-4868, ¶ 8.

## C.  The Procedural Issue

{¶ 20} Having concluded the Supreme Court's decision in *Alhamarshah II* allows a claimant to appeal to the common pleas courts from orders allowing the appeal to proceed in the administrative system, we must next determine whether Alhamarshah properly raised the issue in the common pleas court. Given the unique timeline of this case, Alhamarshah argues he could not have included the commission's March 22, 2011 order when he filed his notice of appeal because it was not until the Supreme Court decided *Alhamarshah II* in April 2015 that he knew such an order was capable of appeal to the common pleas court. However, "[t]he general rule is that a decision of the Supreme Court interpreting a statute is retrospective in its operation, because it is a declaration of what is and always was the correct meaning or effect of the enactment." *Anello v. Fufziger*, 48 Ohio App.3d 28, 30 (1st Dist.1988), citing *Peerless Elec. Co. v. Bowers*, 164 Ohio St. 209 (1955); *see also Bureau of Workers' Comp. v. Mullins*, 140 Ohio App.3d 375, 378 (4th

Dist.2000) (stating "[j]udicial pronouncements of the law generally apply retrospectively" and "[t]he effect of a court decision is not to make new law, but only to hold that the law always meant what the court says it now means"). Thus, pursuant to *Alhamarshah II*, the commission's March 22, 2011 order is an order Alhamarshah always could have, and should have, included in his notice of appeal to the common pleas court. *Alhamarshah II* at ¶ 11-13 (noting "the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512" and relator "had an adequate remedy at law by way of an appeal under R.C. 4123.512," and stating an adequate remedy exists "regardless of whether the relator used the remedy").

{¶ 21} In his notice of appeal, Alhamarshah identified the DHO's order from September 24, 2011, the SHO's order from January 12, 2012, and the commission's order from February 3, 2012 as the orders from which he was appealing. Also, pursuant to R.C. 4123.512(D), Alhamarshah contemporaneously filed his complaint setting forth the brief factual allegations supporting his claim. Nowhere in these documents did Alhamarshah reference the commission's March 22, 2011 order allowing Salem's appeal to continue.

{¶ 22} The first time Alhamarshah indicated to the common pleas court his intention to appeal from the commission's decision allowing Salem's appeal to go forward within the commission was the day of trial, October 26, 2015, more than 21 months after Salem refiled his appeal and well outside the 60-day deadline in R.C. 4123.512(A). Thus, if Alhamarshah intended to appeal from the commission's March 22, 2011 order, he needed to identify that order in a timely filed notice of appeal. *See Jarmon v. Ford Motor Co.*, 10th Dist. No. 95APE10-1377 (Apr. 30, 1996) (stating "[i]f the appealing party files the required notice outside the sixty day time period, the common pleas court lacks jurisdiction over the appeal"). Alhamarshah's failure to make any reference to the commission's March 22, 2011 order in either the notice of appeal or the complaint did not provide appellees with sufficient notice of Alhamarshah's intention to pursue an argument based on the commission's alleged error in allowing Salem's appeal to go forward. As Alhamarshah had appropriately identified in his notice of appeal the commission's order denying his right to participate in the Ohio Workers' Compensation Fund, the trial court appropriately limited the trial to the orders and issues of which appellees had adequate notice. Thus, we conclude the trial court did not err in denying

Alhamarshah's motion for a directed verdict, albeit for different reasons than the common pleas court.

## IV. Disposition

{¶ 23} Based on the foregoing reasons, the common pleas court did not err in denying Alhamarshah's motion for a directed verdict, though we reach our decision for different reasons than the common pleas court. Having overruled Alhamarshah's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., concurs.
BRUNNER, J., concurs in judgment only.

———————————