[Cite as *State ex rel. Ohio Dept. of Transp. v. Drago*, 2017-Ohio-371.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. | : | |
| Ohio Department of Transportation, | | |
| | : | |
| Relator, | | |
| | : | |
| v. | | No. 16AP-219 |
| | : | |
| Dominic Drago, deceased | | (REGULAR CALENDAR) |
| c/o Karen McConnell, | : | |
| Administrator of the Estate | | |
| of Dominic Drago, et al., | : | |
| | | |
| Respondents. | : | |

D E C I S I O N

Rendered on January 31, 2017

_____

*Buckingham, Doolittle & Burroughs, LLP, Marietta M. Pavlidis, and Denise A. Gary*, for relator.

*Cox, Koltak & Gibson, LLP, and Peter J. Gibson,* for respondent Dominic Drago, deceased, and Karen McConnell.

*Michael DeWine*, Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

_____

IN MANDAMUS
ON RESPONDENTS' MOTION FOR JUDGMENT ON THE
PLEADINGS

BRUNNER, J.

{¶ 1} Relator, Ohio Department of Transportation ("ODOT"), has filed this original action requesting this Court to issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order mailed April 2, 2015, in which the commission exercised its continuing jurisdiction pursuant to R.C. 4123.52

No. 16AP-219

and granted death benefits on behalf of respondent, Dominic Drago, and ordering the commission to reinstate the August 5, 2014 order of the staff hearing officer ("SHO"), which had denied death benefits.

{¶ 2} On May 25, 2016, Karen McConnell, administrator of Drago's estate, filed a motion for a judgment of dismissal on the pleadings. McConnell asserts in her motion that ODOT can prove no set of facts that entitle it to mandamus relief. On June 15, 2016, the commission filed a memorandum in support of McConnell's motion to dismiss.

{¶ 3} We referred this matter to a magistrate of this Court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending that this Court grant the motion for judgment of dismissal on the pleadings and dismiss ODOT's mandamus action for the reason that ODOT has or had a plain and adequate remedy in law and thus is not entitled to relief in mandamus.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 4} Drago was employed by ODOT when, on February 26, 1997, he sustained injuries in the course of his employment. Drago's claim was recognized for extradural hematoma-coma, brain injury brief coma, brain conditions, closed fracture skull vault brief coma, headaches and stress reaction emotional. Drago died on August 8, 2013.

{¶ 5} On September 16, 2013, Karen McConnell, as the administrator for Drago's estate, filed an application for death benefits on behalf of Drago's dependents. The Ohio Bureau of Workers' Compensation ("BWC") denied the application for death benefits. McConnell appealed, and a district hearing officer ("DHO") heard the matter on June 16, 2014. The DHO issued an order vacating the BWC order and granting the application for death benefits.

{¶ 6} ODOT appealed the DHO's order. On August 5, 2014, an SHO heard the appeal and thereafter modified the DHO's order and ultimately denied the death benefits.

{¶ 7} McConnell filed an appeal, which the commission refused to accept. McConnell then filed a request for reconsideration of the August 5, 2014 SHO order.

{¶ 8} The commission held a hearing on January 27, 2015, after which it granted the request for reconsideration, vacated the August 5, 2014 SHO order, and granted the application for death benefits.

No. 16AP-219

{¶ 9} On June 15, 2015, ODOT filed a notice of appeal pursuant to R.C. 4123.512 in the Columbiana County Court of Common Pleas. On February 29, 2016, the parties filed a joint stipulated notice of dismissal without prejudice.

{¶ 10} On March 24, 2016, ODOT filed this mandamus action. On May 25, 2015, McConnell filed a motion for judgment on the pleadings, and the commission filed a memorandum in support. On June 6, 2016, ODOT filed its brief in opposition to the motion for judgment on the pleadings.

## II. OBJECTIONS

{¶ 11} No objection has been filed to the magistrate's decision.

## III. DISCUSSION

{¶ 12} To be entitled to relief in mandamus, ODOT must establish the threshold prerequisite that it lacks an adequate remedy in the ordinary course of law. *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, ¶ 11, citing *State ex rel. Consolidation Coal Co. v. Indus. Comm.,* 18 Ohio St.3d. 281, 284 (1985), citing *State ex rel. Sibarco Corp. v. Berea,* 7 Ohio St.2d 85, 88 (1966). "When the relator has a plain and adequate remedy at law by way of appeal, courts lack authority to exercise jurisdictional discretion and must deny the writ, regardless of whether the relator used the remedy." *Id.*

{¶ 13} We find that the magistrate's finding that ODOT "has or had a plain and adequate remedy at law by way of an appeal to the common pleas court pursuant to R.C. 4123.512" is consistent with *Alhamarshah.* (App'x at ¶ 33.) We agree with the magistrate's decision that ODOT can prove no set of facts entitling it to mandamus relief. We, therefore, adopt the magistrate's decision and grant respondents' motion for judgment on the pleadings, dismissing ODOT's mandamus action.

## IV. CONCLUSION

{¶ 14} Having conducted an independent review of the record in this matter and finding no error of law or other defect on the face of the magistrate's decision, this Court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant respondents' motion for judgment on the pleadings and dismiss ODOT's mandamus action.

No. 16AP-219

*Motion for judgment of dismissal on the pleadings granted;*
*Writ of mandamus dismissed.*

**KLATT and LUPER SCHUSTER, JJ., concur.**

_____

No. 16AP-219

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| The State ex rel.<br>Ohio Department of Transportation, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 16AP-219 |
| | : | |
| Dominic Drago, deceased<br>c/o Karen McConnell,<br>Administrator of the Estate<br>of Dominic Drago, et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 20, 2016

*Buckingham, Doolittle & Burroughs, LLP, Marietta M. Pavlidis,* and *Denise A. Gary,* for relator.

*Cox, Koltak & Gibson, LLP,* and *Peter J. Gibson,* for respondent Dominic Drago, deceased, and Karen McConnell.

*Michael DeWine,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON RESPONDENT'S MOTION FOR JUDGMENT ON THE PLEADINGS

{¶ 15} Relator, Ohio Department of Transportation ("ODOT"), filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order wherein the commission

exercised its continuing jurisdiction, pursuant to R.C. 4123.52, and granted death benefits on behalf of respondent, Dominic Drago, and ordering the commission to reinstate the previous order of the staff hearing officer ("SHO"), which denied death benefits.

Findings of Fact:

{¶ 16} 1.  Drago was employed by ODOT when, on February 26, 1997, he sustained injuries in the course of his employment.

{¶ 17} 2.  Drago's claim was recognized for the following conditions:

> [E]xtradural hematoma-coma, brain injury brief coma, brain conditions, closed fracture skull vault brief coma, headaches and stress reaction emotional.

{¶ 18} 3.  Drago died on August 8, 2013.

{¶ 19} 4. On September 16, 2013, Karen McConnell, as the administrator for Drago's estate, filed an application for death benefits on behalf of his dependents.

{¶ 20} 5. In an order dated January 16, 2014, the Ohio Bureau of Workers' Compensation ("BWC") denied the application for death benefits.

{¶ 21} 6. McConnell appealed and a hearing was held before a district hearing officer ("DHO") on June 16, 2014.  The DHO issued an order vacating the prior BWC order and granting the application for death benefits.

{¶ 22} 7. ODOT appealed and the matter was heard before an SHO on August 5, 2014.  The SHO modified the prior DHO order and ultimately denied the application for death benefits.

{¶ 23} 8. McConnell filed an appeal which the commission refused to accept.

{¶ 24} 9. Thereafter, McConnell filed a request for reconsideration of the August 5, 2014 SHO order.

{¶ 25} 10. In an interlocutory order mailed October 23, 2014, the commission determined that there was sufficient probative evidence to warrant adjudication of the request for reconsideration regarding an alleged presence of a clear mistake of fact and clear mistake of law.

{¶ 26} 11. A hearing was held before the commission on January 27, 2015.  The commission granted the request for reconsideration, vacated the August 5, 2014 SHO order, and granted the application for death benefits.

No. 16AP-219

{¶ 27} 12. On June 15, 2015, ODOT filed a notice of appeal pursuant to R.C. 4123.512 in the Columbiana County Court of Common Pleas under C.P. No. 2015 CV 278.

{¶ 28} 13. On February 29, 2016, the parties filed a joint stipulated notice of dismissal without prejudice.

{¶ 29} 14. On March 24, 2016, ODOT filed this mandamus action.

{¶ 30} 15. On May 25, 2016, McConnell filed a motion for judgment on the pleadings, and the commission filed a memorandum in support.

{¶ 31} 16. On June 6, 2016, ODOT filed its brief in opposition to the motion for judgment on the pleadings.

{¶ 32} 17. The matter is currently before the magistrate on the motion for judgment on the pleadings.

Conclusions of Law:

{¶ 33} Because relator has or had a plain and adequate remedy at law by way of an appeal to the common pleas court pursuant to R.C. 4123.512, it is the magistrate's decision that this court grant respondent's motion for judgment on the pleadings and dismiss relator's complaint for a writ of mandamus.

{¶ 34} This case is controlled by *State ex rel. Alhamarshah v. Indus. Comm.,* 142 Ohio St.3d 524, 2015-Ohio-1357.

{¶ 35} In September 2009, Mustafa Alhamarshah was injured when he fell while trying to cut a tree branch. In December, he filed an application for workers' compensation benefits alleging that his injury had occurred while he was employed as a laborer for Mohamed Salem, d.b.a. Ballmohd, L.L.C.

{¶ 36} On January 7, 2010, the bureau allowed the claim against Salem as the employer and ordered payment of medical benefits and TTD compensation. The order informed the parties that the decision would become final unless a written appeal was received within 14 days. The order further advised the parties to contact "Jolene M" at the bureau's Columbus service office with any questions. *Id.* at ¶ 4.

{¶ 37} Salem asked a friend, Abdul Alnobani, to telephone Jolene to ask about filing an appeal. Both Salem and Alnobani spoke with Jolene on a three-way call and she told them how to proceed. Alnobani then faxed some documents to "Jolin" that allegedly

No. 16AP-219

disprove any employer-employee relationship. *Id.* at ¶ 5. The cover page to the faxed documents identified the subject as "Mustafa Alhamarshah-Mohammad Salem," but it did not include a claim number or the date of the order being appealed. *Id.* Upon receipt, the words "construe as appeal" were hand-written on the cover page, apparently by a bureau employee, and the documents were forwarded to the appeals section of the commission. *Id.*

{¶ 38} Ultimately, the commission concluded that Salem's appeal substantially complied with the requirements of R.C. 4123.511(F) for an administrative notice of appeal and that there was no evidence that Alhamarshah had been prejudiced by any omission in the notice of appeal. The commission accordingly accepted the appeal as valid and referred the matter to a DHO for consideration of the merits of the initial application.

{¶ 39} The hearing officer disallowed the claim on the merits, finding that Alhamarshah was not an employee of Salem, and the commission affirmed that order. Alhamarshah appealed to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512. About a month later, he filed in this court a complaint for a writ of mandamus alleging that the commission's order determining that Salem's administrative appeal was valid, was an abuse of discretion, and contrary to law.

{¶ 40} A magistrate of this court determined that the mandamus action was premature in light of the case pending in common pleas court and that the writ should be denied on that basis. By the time this court considered Alhamarshah's objections, he had dismissed his case in the common pleas court without prejudice subject to refiling within one year.

{¶ 41} This court proceeded to consider the merits of the mandamus action and concluded that the commission did not abuse its discretion when it allowed Salem's appeal from the bureau's initial decision in Alhamarshah's favor to proceed. This court denied the writ.

{¶ 42} Alhamarshah appealed as of right to the Supreme Court of Ohio.

{¶ 43} In affirming this court's decision, but on grounds other than those stated by this court, the Supreme Court explained:

> The lack of an adequate remedy in the ordinary course of the law is a necessary prerequisite for relief in mandamus. *State ex rel. Consolidation Coal Co. v. Industrial Com. of Ohio,* 18

No. 16AP-219

> Ohio St.3d 281, 284, 18 Ohio B. 333, 480 N.E.2d 807 (1985), citing *State ex rel. Sibarco Corp. v. Berea,* 7 Ohio St.2d 85, 88, 218 N.E.2d 428 (1966). When the relator has a plain and adequate remedy at law by way of appeal, courts lack authority to exercise jurisdictional discretion and must deny the writ, regardless of whether the relator used the remedy. *Id.; State ex rel. Davet v. Sutula,* 8th Dist. Cuyahoga No. 96548, 2011-Ohio-2803, 2011 WL 2409641, ¶ 10. This is a threshold question that we must consider even when the court of appeals has not addressed the issue. *State ex rel. Woodbury v. Spitler,* 40 Ohio St.2d 1, 3, 318 N.E.2d 165 (1974).

> In this case, the commission decided that the documentation submitted on behalf of the purported employer substantially complied with the statutory requirements for a notice of an appeal of the bureau's initial order. This decision conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal. The commission's exercise of jurisdiction resulted in a decision denying the claimant's right to participate in the workers' compensation system. Consequently, the decision allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system. As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512. *See Consolidation Coal Co.* at 284-285, 18 Ohio St.3d 281, 18 Ohio B. 333, 480 N.E.2d 807.

> Alhamarshah had an adequate remedy in the ordinary course of law by way of an appeal under R.C. 4123.512 regarding the issue he raises in this case, and therefore he is not entitled to relief in mandamus. Accordingly, on grounds other than those stated by the court below, we affirm.

*Id.* at ¶ 35.

{¶ 44} This court has applied *Alhamarshah* several times since the Supreme Court rendered its decision. In *State ex rel. Johnson v. OSU Cancer Research Hosp.,* 10th Dist. No. 14AP-430, 2015-Ohio-3249, Eleanorene Johnson suffered an industrial injury in 2010 and her claim was allowed for the following physical condition: sprain lumbosacral. On August 23, 2013, Johnson filed a C-86 motion requesting that her claim be additionally allowed for the following psychological condition: major depression, single episode, non-psychotic, severe. A DHO disallowed Johnson's request. The matter came

before the SHO on October 18, 2013. The SHO granted Johnson's request and additionally allowed her claim to include the requested psychological condition. OSU attempted to appeal the SHO's order, but the commission refused the appeal.

{¶ 45} OSU then filed a request for reconsideration with the commission. On January 9, 2014, the commission issued an order vacating the SHO's order and setting the matter for a hearing. The commission concluded that the SHO's order contained a clear mistake of law, as it failed to find that the requested psychological condition was causally related to the allowed physical condition. The commission accordingly granted OSU's request for reconsideration, and denied Johnson's request for the additional allowance.

{¶ 46} Johnson filed a mandamus action in this court asserting that the commission abused its discretion when it granted OSU's request for reconsideration and asked that the commission be ordered to reinstate the SHO's order which allowed her claim for the psychological condition.

{¶ 47} OSU argued that this court did not have jurisdiction to hear the matter asserting that it was a right to participate and that Johnson had an adequate remedy at law. As OSU asserted, if this court found the commission abused its discretion when it determined the SHO's order contained a clear mistake of law, Johnson's claim would be additionally allowed for a psychological condition and OSU would have to challenge that allowance in common pleas court.

{¶ 48} This court's magistrate found this court did have jurisdiction finding that the commission's determination that it had continuing jurisdiction was reviewable here in mandamus and could not be challenged elsewhere. Thereafter, the magistrate found that the commission did not abuse its discretion when it exercised its continuing jurisdiction.

{¶ 49} OSU filed an objection to the magistrate's decision and argued that, pursuant to the Supreme Court's recent decision in *Alhamarshah,* this court should find that mandamus relief was inappropriate because Johnson had an adequate remedy at law. Finding that the commission's decision to exercise its continuing jurisdiction resulted in a decision which denied Johnson the right to participate in the workers' compensation system, this court found that the commission's decision was "essential to the ultimate determination that denied [Johnson's] participation in the workers' compensation system," and mandamus relief was inappropriate as Johnson had an adequate remedy in

No. 16AP-219

the ordinary course of law by way of an appeal under R.C. 4123.512. *Johnson* at ¶ 12, citing *Alhamarshah.*

{¶ 50} In *State ex rel. Black v. CVS Pharmacy,* 10th Dist. No. 15AP-120, 2015-Ohio-4868, Sharon Black sought a writ of mandamus ordering the commission to vacate its order exercising its continuing jurisdiction and finding that her claim should be additionally allowed for disc herniation at T12-L1 when she had already filed a notice of appeal, pursuant to R.C. 4123.512 from the disallowance of other conditions and ordering the commission to reinstate its order allowing her claim for disc herniation at T12-L1. The court's magistrate concluded that Black had an adequate remedy in the ordinary course of law by way of appeal to the common pleas court and, as such, was not entitled to a writ of mandamus. Black objected to the magistrate's conclusion that she had an adequate remedy at law and argued that mandamus was the appropriate remedy pursuant to the Supreme Court precedent in *State ex rel. Saunders v. Metal Container Corp.,* 52 Ohio St.3d 85 (1990).

{¶ 51} In *Saunders,* the DHO issued an order allowing a condition described as "back." At the time, R.C. 4121.36(B) required the order allowing a condition to contain a "description of the part of the body and nature of the disability recognized in the claim." The commission subsequently attempted to correct the error by amending the part of the body affected from "back" to "lumbosacral" and "lumbar spine."

{¶ 52} The Supreme Court noted that a statutorily defective allowance, such as the one issued by the DHO, constituted a "mistake," which permitted the commission, pursuant to R.C. 4123.52, to invoke its continuing jurisdiction to correct. It held, however, that the commission could have simply amended the allowed condition to reflect "back sprain," but, instead, the commission went too far in narrowing the named body part from "back" to "lumbosacral" and "lumbar spine." The Supreme Court held that, although the commission was permitted to invoke continuing jurisdiction to correct the mistake, the continuing jurisdiction did not allow the extent of the correction attempted.

{¶ 53} The Supreme Court in *Saunders* also held that mandamus was the proper remedy to address the commission's improper extension of continuing jurisdiction. The Supreme Court noted that "[t]he relevant question here is not one of appellee's right to participate * * * for a 'back' injury but is instead whether a mistake sufficient to invoke the

No. 16AP-219

continuing jurisdiction provisions of R.C. 4123.52 existed.  We find the latter question to be the proper subject matter for a writ of mandamus."  *Id.* at 86.

{¶ 54} *Black* suggested that *Saunders* controls.  This court disagreed, stating:

> The question before us now is not whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed. The crux of relator's argument here, however, is that the institution of an appeal of the disallowance of other claims, pursuant to R.C. 4123.519, deprived the commission of jurisdiction to even consider whether there was a mistake sufficient to invoke it's continuing jurisdiction, pursuant to R.C. 4123.52, regarding the disc herniation at T12-L1 claim. The issue here is a precursor to the issue of whether a mistake existed sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52.
>
> Relator argues that the magistrate's reliance on *Alhamarshah* is misplaced. In *Alhamarshah,* the commission accepted documentation from the employer and determined that it substantially complied with the statutory requirements for a notice of an appeal of the Bureau of Worker's Compensation's initial allowance of a claim.  The Supreme Court noted that "[t]his decision conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal" and that such exercise of jurisdiction "resulted in a decision denying the claimant's right to participate in the worker's compensation system." The Supreme Court held that "[c]onsequently, the decision allowing the appeal to proceed *was essential to the ultimate determination that denied the claimant's participation in the worker's compensation system*. As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512." (Emphasis added.) *Id.* at ¶ 10-12. Likewise, here, the commission's decision to proceed, while the appeal of other disallowed claims was pending in the common pleas court, was essential to the ultimate determination that denied relator's participation in the workers' compensation system for the disc herniation at T12-L1.
>
> We find the magistrate properly relied upon *Alhamarshah,* and, for the reasons stated above and in the magistrate's decision, we find no merit to relator's objections.

*Id.* at ¶ 7-9.

No. 16AP-219

{¶ 55} *Black* argued that because she had already appealed the disallowance of other claims to the common pleas court, the commission did not have jurisdiction to invoke its continuing jurisdiction to deny her claim for disc herniation at T12-L1.

{¶ 56} ODOT also cites a 2004 case decided by this court. In *State ex rel. Wells v. Indus. Comm.,* 10th Dist. No. 04AP-758, 2006-Ohio-2738, this court found mandamus review appropriate after the commission exercised its continuing jurisdiction despite the fact that the party retained an appellate remedy pursuant to R.C. 4123.512. The problem with ODOT's argument is that the Supreme Court's decision in *Alhamarshah* effectively overruled this court's earlier holding in *Wells.*

{¶ 57} Finding that ODOT can prove no set of facts entitling it to relief and finding that the decision in *Alhamarshah* is controlling, it is this magistrate's decision that this court should grant respondent's motion for judgment on the pleadings and dismiss ODOT's mandamus action.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).